W. A. OLIPHANT, Administrator of the Estate of G. G. OLIPHANT, Deceased, Appellant, v. THE AMERICAN HEALTH AND ACCIDENT ASSOCIATION.

**Benefit insurance:** BENEFICIARIES: INDEPENDENT PROVISIONS: VALIDITY OF CERTIFICATE. Although a benefit certificate names a beneficiary prohibited by the statute, still the certificate will not be held wholly void where there is another beneficiary named therein, under independent provisions, who is not within the prohibited class. In this action the certificate provides that if the insured received certain injuries resulting in death the association would pay a certain sum to a specified church, a beneficiary prohibited by the statute; and in case of injuries causing disabilities not resulting in death the insured should be paid stated weekly benefits, and it is held that although the church was not a person to whom a benefit could be made payable the certificate was not wholly void, since the provision for benefits in case of accident not resulting in death was valid.

**Same:** RECOVERY OF BENEFITS. As the certificate was not wholly void and it provided that under certain conditions the association would pay the insured certain benefits, among which was a death benefit to be paid to a beneficiary named, if surviving, otherwise to be paid to the legal representative of the insured, and the designated beneficiary being within the prohitited class, there were no surviving beneficiaries within the meaning of the certificate, and the administrator of the insured was entitled to recover the benefit.

*Appeal from Union District Court.*—HON. H. K. EVANS, Judge.

TUESDAY, JUNE 14, 1910.

ACTION to recover the death benefit provided for in a certificate of the defendant association. The court sustained a demurrer to the petition, and rendered judgment for defendant, from which plaintiff appeals. *Reversed.*

*James G. Bull,* for appellant.

*P. C. Winter, L. J. Camp,* and *J. B. Sullivan,* for appellee.

McCLAIN, J.—The defendant is a stipulated premium accident insurance association, which provides in its certificates for the payment by members of quarterly assessments of fixed amounts, and agrees that out of the benefit fund thus created it will pay stipulated sums on account of accidental death and weekly benefits for certain specified accidental injuries not resulting in death. In May, 1908, on the application of G. G. Oliphant, it issued to him a certificate or socalled policy, the first three paragraphs of which were as follows:

In consideration of the representations, agreements, and warranties contained in the application for this insurance, the payment of the certificate and membership fees of two dollars, and the further payment of three dollars quarterly in advance as agreed upon in application, the association does hereby accept Grant G. Oliphant of Des Moines, Iowa, for one year or more, hereinafter called the assured, under classification A, an insurance solicitor by occupation, and subject to all provisions and conditions herein contained or indorsed hereon, will pay the assured the following benefits during the time this contract is maintained in continuance, force and effect, viz.:

First.   Should the assured receive external visible bodily injury while this certificate is in full force solely through external, violent, and accidental means, causing death within three months from date of accident, the association will pay to the beneficiary hereinafter named if surviving, otherwise to the executors, administrators or legal representatives of the assured one thousand dollars, in monthly installments of one hundred dollars at the option of the association.   The above amount in place of all other benefits.   In case of death by accident the beneficiary shall be (full name) Castle Memorial U. B. Church, Relationship —— Address E. 11 & Maple Sts.

Second.   At the rate of twenty-five dollars per week during period of total disability, should aforesaid assured receive external visible bodily injury while this certificate is in full force, solely through external, violent, accidental and involuntary means other than such as shall result fatally, or in the loss of one or both hands, or feet, or both eyes, which shall independently of all other causes immediately following the receipt thereof, totally and continuously disable assured from performing any and every kind of labor or business, provided the period of indemnity shall not exceed twelve consecutive months.

In succeeding paragraphs there are other provisions as to benefits to be paid to the assured on account of total or partial disability, but they are not material for the determination of the questions presented.

In August following the issuance of this certificate, the said G. G. Oliphant met his death by being shot by some person unknown, and his administrator instituted action to recover the amount specified by the policy to be payable to the beneficiary named therein on account of accidental death.   The defendant by demurrer to the petition which with amendments set out the facts above stated insisted that the beneficiary named in the certificate or policy was not such beneficiary as might under the statute be designated, and that by a statutory provision the policy was void.   The statutory provision thus relied upon is as follows:   "No association organized or operating under

this chapter shall issue a certificate of membership to any person under fifteen nor over sixty-five years of age, nor unless the beneficiary named in the certificate is the husband, wife, relative, legal representative, heir, creditor or legatee of the insured member, nor shall any such certificate be assigned. Any certificate issued or assignment made in violation of this section shall · be void. The beneficiary named in the certificate may be changed at any time at the pleasure of the assured, as may be provided for in articles or by-laws, but no certificate issued for the benefit of a wife or children shall be thus changed so as to become payable to creditors." Code, section 1789.

For present purposes we may concede that, if the Castle Memorial Church were the only persons named in the policy to whom according to its terms any benefit would become payable on the happening of any of the conditions named in the policy, then such policy would be void for the reason that the beneficiary named is not one of the persons for whose benefit such an association as the defendant may issue a certificate to a member, and the statute expressly declares that any certificate issued in violation of such restriction as to beneficiaries shall be void. For instance, if the defendant association had been authorized to issue life policies and had issued such a policy to Oliphant solely payable to the Castle Memorial Church, it may be conceded that neither the church nor the administrator of the estate of Oliphant could recover thereunder on his death, and that the fact of receipt by the defendant association of the premiums or dues made payable by the assured would not estop it from interposing the defense. These concessions are made in view of the conclusions reached on another view of the case which seems not to have been considered by the trial judge in the opinion filed by him in the lower court sustaining the demurrer.

The view of the case not thus considered, and which

we think controlling, is the construction to be placed on this policy with reference to the beneficiary named therein.

1. BENEFIT INSURANCE: beneficiaries: independent provisions: validity of certificate.

It provides for payment under certain contingencies of weekly indemnity to the assured on certain conditions, and to this extent the assured is a beneficiary expressly named. Had the assured as the result of the injury inflicted upon him lost one of his hands or feet or both his eyes, he would have been entitled to receive under the policy the weekly indemnity stipulated, and we think that it would have been immaterial that another provision of the policy contemplated the payment in the event of death to the Castle Memorial Church of a death benefit, although the church was not a person to whom a benefit could be made payable. The policy was not therefore wholly void and inoperative from the beginning, unless the provision that on a certain contingency a death benefit should be paid to a beneficiary falling within the prohibited class of beneficiaries as specified in the statute must·be construed as rendering invalid portions of the contract which were independent and in themselves valid. No authorities have been called to our attention holding that a stipulation in a contract which is prohibited by statute renders invalid other independent and self-sufficient stipulations. The statute prohibits the issuance of a certificate, unless the beneficiary named is within the list of persons for whose benefit such certificate is specially authorized to issue, but it does not provide expressly, or, as we can see, by implication, that if under independent provisions for different beneficiaries one of the beneficiaries named is within a prohibited class the certificate shall be void as to other beneficiaries for whom provisions may properly be made. We think it could. not be reasonably claimed that under the section quoted an accident policy providing for weekly indemnity only in case of accident payable to the assured himself would be void.

As the policy was not therefore void *in toto* on account of the designation of the Castle Memorial Church as a possible beneficiary under certain conditions, we must inquire whether the provision for the payment of a death benefit to a prohibited beneficiary is void under the statute. The language of the certificate is peculiar. Had there been no other provision with reference to the payment of a death benefit save that in the event of accidental death the sum specified should be paid to the Castle Memorial Church as beneficiary, we may concede for present purposes that the administrator of the member could not have recovered the specified amount; but this certificate does not so provide. The contract is, that subject to all the conditions of the certificates the association "will pay the assured the following benefits;" and among the benefits named is a death benefit which is to be paid "to the beneficiary hereinafter named, if surviving," otherwise such benefit is to be paid "to the executors, administrators or legal representatives of the assured." Had the beneficiary named been a person who could not properly be designated as beneficiary, nevertheless the administrator of the assured would have been entitled to recover the death benefit in the event that the beneficiary named had not survived; that is, in the event that there was no beneficiary in existence at the death of the assured. The certificate does therefore contemplate that, under certain conditions, the death benefit may be payable to the administrator of the assured. As the provision for payment of death benefit to the church was under the statute invalid, we think the case is one in which the beneficiary did not survive within the meaning of the certificate, and that the administrator was therefore entitled to recover. This conclusion is somewhat supported by the reasoning of this court in *Schmidt v. Northern Life Ass'n,* 112 Iowa, 41, and *Smith v. Knights of Maccabees,* 127 Iowa, 115. These cases are not directly in point as authority

2. SAME: recovery of benefits.

in the present case, for they were decided under the provisions of Code section 1824, relating to fraternal benefit societies, and under that provision a certificate naming as beneficiary a person who is not one of the classes of persons who may be so named is not expressly declared to be void. But, having reached the conclusion that the certificate in question is not void *in toto* under Code, section 1789, we think we should apply the reasoning adopted in those cases in determining whether the administrator may recover the death benefit made payable to a prohibited beneficiary.

We reach the conclusion, therefore, that the issuance of the certificate in this case was not prohibited by Code, section 1789, and that as the beneficiary named as the person to whom the death benefit was made payable was not qualified to receive such benefit, the administrator of the estate of the deceased member was entitled to recover, especially in view of the general provision of the certificate that the benefits were payable to the assured, and the special provision that, if the beneficiary named should not survive, the death benefit should be payable to the administrator of the assured.

These considerations impel us to the conclusion that the trial court erred in sustaining defendant's demurrer to the petition, and that the judgment for defendant was erroneous.

The judgment is therefore *reversed.*