## AMERICAN NAT. INS. CO. v. DIXON.
### (No. 5541.)

(Court of Civil Appeals of Texas. Austin. May 11, 1921.)

Insurance ⬯133(1)—Life insurance policy provision that, if insured die within six months, only one-half of amount will be paid, contravenes statute prohibiting settlement for less than face of policy.

A condition in an insurance policy that, if insured's death occurred within six calendar months from its date, the beneficiary would receive only one-half of the amount mentioned therein, and the full amount if death occurred thereafter, contravened Rev. St. 1911, art. 4742, subd. 3, providing that no life insurance policy shall contain any provision for settlement for less than the amounts insured on the face of the policy, plus dividend and less indebtedness and premiums.

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Suit by Harvey Dixon against the American National Insurance Company. Judgment for plaintiff, and the defendant appeals. Affirmed.

J. D. Williamson, of Waco, and Williams & Neethe, of Galveston, for appellant.

Giles P. Lester and Joe W. Taylor, Jr., both of Waco, for appellee.

KEY, C. J. The statement of the nature and result of this suit contained in appellant's brief is as follows:

"This suit was instituted by Harvey Dixon, alleging that he was the beneficiary in a certain policy issued by the appellant on the life of Patsy C. Dixon, said policy being No. 971132. Appellee contended that under the terms of the policy he was entitled to recover the sum of $410, the amount mentioned in one portion of the policy, less amounts which were paid by the appellant, and the statutory 12 per cent. damages and a reasonable attorney's fee. Appellant contended that appellee was entitled to recover the sum of $205, because the policy provided that one-half only of the above sum of $410 should be payable if death occurred within six calendar months from its date, and the uncontradicted evidence showed that the insured died within six months after February 9, 1914, the date of the policy.

"The sole question in this case is 'does the provision of the policy that only one-half of above sum payable if death occurs within six calendar months from date and the full amount, if death occurs thereafter,' contravene article 4742, subdivision 3, of the Revised Statutes of the State of Texas."

At the time this case was submitted in this court, the case of First Texas State Ins. Co. v. Smalley, which involved the foregoing question, was pending in the Supreme Court, and, at the suggestion of the appellant in this case, its decision has been delayed to wait the decision of the Supreme Court in the case referred to. That case has recently been decided by the Supreme Court, and the opinion is reported in 228 S. W. 550, and it was there held:

"1. Under Rev. St. 1911, art. 4742, subd. 3, providing that no life insurance policy shall contain any provision for settlement for less than the amounts insured on the face of the policy, plus dividends and less indebtedness and premiums, a policy cannot contain the prohibited provisions, though issued on the industrial plan in small amounts and for weekly or biweekly premiums.

"2. A condition on the face of a life insurance policy immediately following the statement of the amount of the insurance, providing for payment of one-half only of such amount for death from certain diseases having their beginning during the first 12 months of the policy, is void under Rev. St. 1911, art. 4742, subd. 3, prohibiting provisions for settlement for less than the amounts insured on the face of the policy, etc.

"3. The construction of Rev. St. 1911, art. 4742, subd. 3, as applied to a condition on the face of a life insurance policy reducing the amount of insurance in case of death from certain diseases beginning within one year, is not involved in such doubt as to make controlling the ruling of the insurance commissioner approving a form of the policy."

That case is quite similar to the instant case, and the decision there rendered by the Supreme Court is adverse to appellant in this case.

The other questions presented in appellant's brief have received due consideration, and are decided against it.

No error has been shown, and the judgment is affirmed.

Affirmed.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes