**COMMERCIAL UNION ASSUR. CO., Ltd., v. PRESTON. (No. 8612.)** *

(Court of Civil Appeals of Texas. Dallas. Feb. 4, 1922. Rehearing Denied March 11, 1922.)

**1. Insurance ⟨key⟩133(1)—Clause inserted subject to approval of commission is not effective before such approval.**

Under a statute permitting a clause not previously authorized by the insurance commission to be inserted in a policy subject to the approval of the commission, a clause so inserted does not affect the rights of the parties until it has been so approved.

**2. Insurance ⟨key⟩133(1)—Uniform policy statute is intended to govern in every respect fire insurance contract.**

Rev. St. 1911, art. 4891, as amended by Acts 31st Leg. (1910) 4th Called Sess. c. 8, § 16, and by Acts 33d Leg. (1913) c. 106, § 17 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4891), requiring the insurance commission to establish a standard form of fire policy and of clauses and provisions to be attached thereto, and requiring the commission also to approve all provisions and clauses thereafter attached to policies which have not been previously approved, was intended to provide in every respect for the contractual relationship that could be entered into between fire insurance companies and policy holders, and does not authorize the insertion therein of clauses not covered by the standard policy and clauses and not approved by the commission.

**3. Insurance ⟨key⟩133(1)—Requirement of identical provisions is only effective preventive of discrimination.**

The purpose of the insurance laws to prevent discrimination between property owners by fire insurance companies can only be effectually accomplished by prescribing identical conditions for all policies covering risks of the same class.

**4. Insurance ⟨key⟩133(1)—Unauthorized exemption of liability for fires originating in moving picture machine is void.**

A clause, inserted in a policy covering property in a moving picture theater, relieving the insurer of liability for damage to the machines and attachments from fire originating within the machines which had not been approved by the insurance commission, is void, and policy will be construed as though that clause had never been attached thereto, especially where insured paid the highest rate because the risk was extrahazardous.

**5. Insurance ⟨key⟩552—False proof of loss no defense, unless insurer was prejudiced thereby.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4949, prohibiting clauses in policies making misrepresentations in proofs of loss a defense unless the insurance company was thereby misled or caused to waive some valid defense to the policy, the omission from the proof of loss of items of damage to certain property for the reason that one item was overlooked in making up the proof of loss, and that the damage covered by the other item had not been discovered when the proof was made, does not prevent recovery for those two items, where the company resisted payment of larger items contained in the proof of loss, so that a suit on the policy would have been necessary in any event, and the company did not show that it was in any way misled by the omission of the items in controversy.

**6. Insurance ⟨key⟩495(1)—Three-fourths value clause is illegal.**

The provision in a fire insurance policy that the insurer shall be liable only for three-fourths of the market value of the property insured at the time of the fire violates Vernon's Sayles' Ann. Civ. St. 1914, art. 4893, prohibiting a policy making the insured liable as coinsurer with the company, and is void.

Error from District Court, Freestone County; A. M. Blackman, Judge.

Action by T. J. Preston against the Commercial Union Assurance Company, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

Locke & Locke and Paul Carrington, all of Dallas, for plaintiff in error.
Williford & Geppert, of Teague, for defendant in error.

VAUGHAN, J. Defendant in error brought this suit July 15, 1920, against plaintiff in error to recover upon a policy of fire insurance issued by it to cover loss or damage to certain equipment of his moving picture show. Plaintiff in error admitted liability, and renewed in its answer a tender which it had previously made to the defendant in error for all items claimed in a proof of loss submitted, excepted for moving picture machines and attachments and for films. It denied liability for these because of the following provision contained in the policy:

"It being understood that this company shall not be liable for loss or damage to moving picture machines or attachments caused by fire originating within the machines, nor does this policy cover loss or damage to films from any cause."

In reference to the above provision defendant in error pleaded as follows: That said clause was wrongfully and illegally inserted in said policy, and is absolutely void, and the plaintiff in error had no legal right to insert said clause in said policy, and thereby attempt to limit its liability and make nugatory the statutes of this state placing all insurance companies under its regulations; that said clause or form has never been promulgated, approved, or allowed by the State Fire Insurance Commission of Texas; that said Fire Insurance Commission of Texas never did authorize the use of said clause, nor has the said Fire Insurance De-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 3, 1922.

partment of Texas ever ratified the action of the plaintiff in error in using said form or clause; that the plaintiff in error did charge defendant in error the highest rate for said hazard incident to said risk permitted under the law and the regulations of the said Insurance Commission; that the plaintiff in error having received full compensation for said risk from every contingency, it cannot limit its liability by such unauthorized acts.

Plaintiff in error also opposed two other items on which suit was brought aggregating $57.50, no statement or proof of loss of which had been previously submitted to the company as required by the terms of the policy, and also urged the three-fourths value clause of the policy.

Replying to this, defendant in error alleged that he did, in good faith, furnish the plaintiff in error with proofs of loss, but that through no fault of his own failed to include therein the item of damage to electric orchestra, because at the time said proofs of loss were furnished he did not know that said orchestra had been damaged by fire, and only discovered same prior to the filing of suit, when his attention was first called to the damage by the repair man who was overhauling said orchestra; that the damage to said electric orchestra was latent, caused by smoke and soot which penetrated the tubing and valves; that the item of $7.50 for extinguisher was omitted through an oversight; that plaintiff in error was in no wise injured by failure to include said items in the proofs of loss, and waived any proofs of loss covering same by denying liability except for items in its tender.

Trial before the court without a jury resulted in a judgment in favor of defendant in error for $1,497.57, said amount including all controverted items as well as those on which liability had been admitted, interest on the total amount from the date of tender by plaintiff in error. Costs were adjudged against plaintiff in error. The proceedings had in the court below are now before us for review by writ of error.

Statement of material facts considered in disposing of this cause:

Defendant in error owned a moving picture show at Teague, Tex. Plaintiff in error issued and delivered to him on February 2, 1920, its policy of fire insurance No. 100,789, whereby it insured him on certain contingencies against loss or damage by fire to the amount of $2,000 upon his "moving picture machines, accessories, musical instruments, office furniture and fixtures, ticket vending machine, chairs, fans, electric light fixtures and all other furniture and fixtures, not more hazardous, usual to a picture show."

The above property was at the time said policy was issued, and when the loss occurred as alleged by defendant in error, of the value of $6,000. The policy was to be effective from February 23, 1920, to February 23, 1921. On March 8, 1920, said policy being in full force and effect, defendant in error suffered loss by fire on the following items: Two Emerson buzz fans, $54; one tool box, $20; one rewind set, $6; tools, $16; one front suction fan, $25; damage to safe, $10; seats damaged by water, $100; linoleum, $12; revolving stool in booth, $15; slides and tickets, $2.50; express and drayage on machines and installations, $25; electric installation and materials, $70.02; two 6B Powell machines, $1,004; one compenarc, $80.20; fire extinguisher, $7.50; damage to orchestra, $50.

The company admitted liability on the items above listed and in said amounts, except the four items last enumerated. The entire controversy before the court involves the last four items. On June 25, 1920, the company made legal tender of the full amount lost on each of said items except the last four. In its answer filed in the court below the company renewed this tender. That the loss sustained by fire to the items "two 6B Powell machines and one compenarc" was loss to moving picture machines and attachments as those terms were used in the policy provision above quoted, and that the loss to said items was caused by fire originating within the machines.

Only one proof of loss was submitted to the plaintiff in error. It contained no reference to the items of fire extinguisher, $7.50. and damage to orchestra, $50. The policy issued was on the printed form of policy known as the Texas standard fire policy. Attached thereto was a rider which described the property covered by the policy, conditions defining the risk assumed, such as the three-fourths value clause, the record warranty clause, and various permits. Indorsed in writing on this rider was the following clause:

"It being understood that this company shall not be liable for loss or damage to moving picture machines or attachments caused by fire originating within the machines, nor does this policy cover loss or damage to films from any cause."

That said clause had not been theretofore prescribed by the Insurance Commission, approved by it, nor the use of it authorized on policies of fire insurance, and was not approved by Insurance Commission after placed on policy involved in this suit or the use of same called to the attention of said Commission until after the loss on property covered by the policy.

The proof established that the defendant in error sustained damage in the sum of $1,-497.57 as shown by the 16 items above set out. All the property covered by said policy and involved in this litigation was insured under one item in the sum of $2,000. Plain-

tiff in error charged and received from defendant in error a premium for such risk amounting to the highest rate allowed by law, to wit, $3.05 per hundred. That long before the date of the issuance of said policy the Insurance Commission had prescribed and promulgated a standard form of policy clauses and indorsements to be used on or in connection with same, copies of which had been furnished to plaintiff in error as required by law for more than 60 days before said policy was issued, which forms did not contain the provision:

"It being understood that this company shall not be liable for loss or damage to moving picture machines or attachments caused by fire originating within the machines"

—or authorize the use of one containing similar language as part of fire insurance policies.

By the assignments of error the following propositions are presented on this appeal: (1) That the clause limiting the application of the contract of insurance, to wit, "It being understood that this company shall not be liable for loss or damage to moving picture machines or attachments caused by fire originating within the machines," was a valid clause by which plaintiff in error was not liable for the two machines, $1,004, and one compenarc, $80.20, for the reason that said items were not covered by the contract of insurance, liability thereon being specifically excepted; (2) that the proofs of loss submitted did not contain the items of fire extinguisher, $7.50, and damage to orchestra, $50, as required by the contract of insurance; therefore, plaintiff in error was not liable for same; (3) that under the three-fourths value clause contained in the policy, plaintiff in error was not liable for an amount more than the three-fourths of the actual cash value of each item insured by the policy at the time immediately preceding the loss or damage sustained by defendant in error; (4) that no interest should have been adjudged against plaintiff in error from the date of tender; (5) and that all the costs should not have been adjudged against plaintiff in error.

In support of first proposition, plaintiff in error contends: (a) That in the absence of statute governing such contracts said provision that the insurer shall not be liable for loss to moving picture machines or attachments caused by fire originating within the machines would be enforced as a valid term of the contract between the parties; (b) that the parties to the contract were authorized by the provisions of the Texas Statutes to place on the policy in suit said clause, same not being inconsistent with the provision of any policy, rider, form, clause, or indorsement which up to that time had been established, prescribed, or approved by the Insurance Commission; (c) that since no action had been taken by the State Insurance Commission with reference to approving or disapproving the clause or indorsement in question prior to the date loss was sustained under the policy in suit, since no other clause or indorsement had been prescribed or approved bearing upon the class of risk involved, since such action had been taken with reference to similar clause of risk, and since the clause or indorsement in question is not inconsistent with the provisions of any policy, rider, form, clause, or indorsement which had been established, prescribed, or approved by the commission, therefore R. S. art. 4891, authorized the inclusion of clause in or indorsement on the policy in suit, subject to the subsequent approval or disapproval of the commission, the policy, as issued, becoming a valid contract, subject to the terms of this clause or indorsement as to all other terms, unless and until the same be disapproved by the commission, this involves the construction of section 16, Acts of 1910, 4th Called Session 31st Legislature, c. 8, as amended by Acts of 1913, Regular Session 33d Legislature, c. 106 (now Vernon's Ann. Civ. St. arts. 4876–4904); said section 16 constituting section 17, Acts 1913, now Vernon's Ann. Civ. St. art. 4891. No change in the language of section 16 was made by the act of 1913. However, the act of 1910 was repealed in its entirety and replaced by the act of 1913, said article 4891 being as follows:

"It shall be the duty of the State Insurance Commission to make, promulgate and establish uniform policies of insurance applicable to the various risks of this state, copies of which uniform policies shall be furnished each company doing business in the state, or which may hereafter do business in this state. That after such uniform policies shall have been established and promulgated and furnished the respective companies doing business in this state, such companies shall, within sixty days after the receipt of such forms of policies, adopt and use said form or forms and no other; also all companies which may commence business in this state after the adoption and promulgation of such forms of policies, shall adopt and use the same and no other forms of policies.

"The said State Fire Insurance Commission shall also prescribe all standard forms, clauses and indorsements used on or in connection with insurance policies. All other forms, clauses and indorsements placed upon insurance policies shall be placed thereon subject to the approval of the commission. The commission shall also have authority in its discretion to change, alter or amend such form or forms of policy or policies, and such clauses and endorsements used in connection therewith, upon giving notice and proceeding in accordance with section 21 of this act."

This section is a part of a remedial statute passed by the Legislature for the purpose

of securing to the people relief from unjust, arbitrary, and discriminatory business methods adopted and enforced by insurance companies, and, while not adopted primarily for the protection of insurance companies doing business in the state (such interests not needing the protecting care to be afforded by any law-making body), but for the protection of the citizenship dealing with insurance companies as policy holders, yet it was not intended to confiscate the property rights of insurance companies by requiring the performance of a service at a compensation and under a form of contract which would not allow a reasonable return on the business engaged in, or to impose such burdens in reference to the right of contract amounting to a denial thereof, but to allow a reasonable return on the investment and ample latitude to contract within the provisions of the law that the corresponding rights, obligations, and duties of the parties should be equitably adjusted and protected. Therefore, in construing said statute, the language employed should be given its common or everyday meaning that the purpose for which said law was enacted may be ascertained and enforced.

The statute provides that the commission shall prescribe all standard forms, clauses and indorsements and "all other forms, clauses and indorsements placed upon insurance policies shall be placed thereon subject to the approval of the commission," and further provides that "the commission shall have authority to revise such forms."

[1] Even conceding that the construction contended for by plaintiff in error is correct, to wit, that the law authorized the use of the "provision" in question on the policy involved, "subject to the approval of the commission" after same had been placed on said policy, the clause did not become in law a part of the insurance policy, because same, as used, was not, in fact, approved by the Insurance Commission, as the use of such clause under such circumstances could not become effectual between the parties until approved by the commission. The words, "subject to the approval of the commission," as used in this statute, have a pronounced legal effect, to wit, that a clause used without first being authorized by the Insurance Commission will not become a part of the contract of insurance as authorized by law between the parties making such contract until such clause has been approved by the Insurance Commission, which construction is diametrically opposed to the contention of plaintiff in error as to the effect of placing said unauthorized clause on said policy of insurance.

[2] However, in view of the fact that the law not only confers upon but makes it the duty of the Insurance Commission to "make, promulgate and establish uniform policies of insurance applicable to the various risks of this state," also "to prescribe all standard forms, clauses and indorsements used on or in connection with such policies," and requires all insurance companies doing business in this state "to adopt and use said form, or forms, and no other," and "all other forms, clauses and indorsements placed upon insurance policies shall be placed thereon subject to the approval of the commission," in our judgment leaves no doubt but that it was the purpose of the Legislature to thus provide, in every respect, for the contractual relationship that could be entered into between fire insurance companies and policy holders, and to hold that such force and effect should not be given to the law providing for the use of other forms, clauses, and indorsements placed upon insurance policies as must of a necessity be given to that part of the act making it the duty of the Insurance Commission to make, promulgate, and establish uniform policies of insurance, would be but to say that the Legislature knowingly provided a way for insurance companies to virtually destroy the very object attempted to be accomplished in the passing of said remedial statute. In other words, such construction of the statute could only have the effect of nullifying the real purpose of the Legislature through the instrumentality of insurance companies using other forms, clauses, and indorsements not authorized by the Insurance Commission, under the pretext that the use of such other forms, clauses, and indorsements was authorized by law, in that same were used subject to the approval of the Insurance Commission, and would therefore be binding until disapproved by said commission. The placing of such interpretation on the language employed would, in a large measure, defeat legislative control and its advantages just as effectually as would the continuance of the original conditions sought to be remedied.

[3] As we view the law, it would be useless to attempt to prevent fire insurance companies from discriminating, and at the same time permit them to use any kind of forms limiting their liability; and certainly it was the purpose of a part of this remedial statute to prevent discrimination, which can only be effectually accomplished by identical conditions being prescribed for and attached to all risks of the same class. R. S. 1911, arts. 4876–4904; Fidelity-Phenix Fire Ins. Co. v. Sadau (Tex. Civ. App.) 167 S. W. 334 (section 2 of opinion at page 337); Am. Nat. Ins. Co. v. Hawkins (Tex. Civ. App.) 189 S. W. 330; First Tex. State Ins. Co. v. Smalley et al. (Tex. Sup.) 228 S. W. 550; Am. Nat. Ins. Co. v. Dixon (Tex. Civ. App.) 231 S. W. 165.

[4] Plaintiff in error charged and collected for the risk the highest rate allowed by the law, based upon the proposition that the risk was extrahazardous, and to permit plaintiff

to nullify the risk by attaching the clause in question and thus reduce the risk to an ordinary one would be aiding and abetting the insurance company in perpetrating a fraud, in that it received pay for a risk at the highest rate, and only became liable for an ordinary risk by contracting against that which really constitutes the hazard of the risk. In other words, collect a premium on a policy based on rate of extrahazardous risk, and yet only be liable by virtue of the clause limiting its liability for the loss of the property under an ordinary risk, in that if the property insured be destroyed on account of the hazard of the risk the insurance company escapes liability by saying:

"While we charged you a premium for this hazard in the risk, yet we contracted against any liability on account thereof."

We therefore hold that the clause, "it being understood that this company shall not be liable for loss or damage to moving picture machines or attachments caused by fire originating within the machines," as used in the policy, is void, being contrary to the provisions of article 4891, Vernon's Sayles' Texas Civil Statutes 1914, and that the contract of insurance with this clause eliminated was a valid and binding obligation between the parties thereto as to all of the other provisions. Oliphant v. Am. Health & Accident Ass'n, 147 Iowa, 656, 126 N. W. 806; Herzog v. Palatine Ins. Co., Ltd., 36 Wash. 611, 79 Pac. 287.

As to the second proposition, the evidence shows that defendant in error in good faith attempted to comply with the terms of the policy requiring making of proofs of loss, etc. No complaint was made against said proofs as not being in compliance with the requirements of the contract. However, after the proofs were received, plaintiff in error denied liability as to the 2 6B Powell machines and 1 compenarc, admitting liability as to the other items except fire extinguisher, $7.50, and damage to orchestra, $50, which items were not included in the proofs of loss. The item "damage to orchestra" was omitted for the want of knowledge as to the damage sustained. The fire extinguisher was omitted through oversight. Plaintiff in error does not claim that, by the omission of said two items, it was thereby misled and caused to waive or lose some valid defense to the policy. Plaintiff in error offered to pay defendant in error $355.87 for his loss sustained by the fire, denying liability as to other items as above stated, which made the filing of suit on the policy necessary in order to determine the rights of defendant in error under said policy. We are inclined to hold that under the above facts plaintiff in error waived any further proofs of loss as required by the terms of the policy in reference to the two omitted items. Commercial Union As-

surance Co. v. Meyer, 9 Tex. Civ. App. 7, 29 S. W. 93. Especially so, since defendant in error lost no right or advantage by understatement of the amount of the loss sustained by defendant in error. There is no reason "why he should be denied the right to prove the full amount of the actual loss," especially in view of the fact that he honestly attempted to comply with this requirement; the failure to do so not being chargeable to an act of fraud or deceit on the part of defendant in error, but to an honest mistake working no injury to or denying plaintiff in error any legal right. Case v. Mfg. Fire & Marine Ins. Co., 82 Cal. 263, 21 Pac. 843, 22 Pac. 1083; Camden Fire Ins. Co. v. Puett (Tex. Civ. App.) 164 S. W. 418.

[5] Even without the above authorities we think the following law sufficient to justify us in resolving said proposition against plaintiff in error, viz.:

Article 4949, Vernon's Sayles' Texas Civil Statutes 1914: "Any provision in any contract or policy of insurance issued or contracted for in this state, which provides that the same shall be void or voidable, if any misrepresentations or false statements be made in proofs of loss or of death, as the case may be, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract or policy, unless it be shown upon the trial of such suit that the false statement made in such proofs of loss or death was fraudulently made, and misrepresented a fact material to the question of the liability of the insurance company upon the contract of insurance sued on, and that the insurance company was thereby misled, and caused to waive or lose some valid defense to the policy."

By its terms this applies to proofs of loss fraudulently made, even to the extent of misrepresenting a fact material to the question of liability, and, in order for an insurance company to relieve itself of liability on account of false proofs of loss being made, it would be necessary to plead and prove that the company was thereby misled and caused to waive or lose some valid defense to the policy. Applying the benefit of this statute to the instant case, even conceding that the proofs of loss were false and fraudulently made, yet plaintiff in error having failed to plead and prove that it was thereby misled and caused to waive or lose some valid defense to the policy sued on, the court did not err in rendering judgment for the items omitted from said proofs of loss. Fidelity-Phenix Fire Ins. Co. v. Sadau (Tex. Civ. App.) 167 S. W. 334.

[6] Plaintiff in error contends that under the three-fourths value clause contained in the policy, even conceding that it was liable under the policy for loss to all items caused by fire as claimed by defendant in error, plaintiff in error was not liable for an amount more than three-fourths of the actual cash value of each item insured by the policy

at the time immediately preceding such loss or damage. The property insured was of the value of $6,000 at the time immediately preceding the fire. The policy was in the sum of $2,000. No other insurance was in force on the property. To sustain this contention would amount to forcing defendant in error to become a coinsurer, notwithstanding article 4893, Vernon's Sayles' Texas Civil Statutes 1914, which prohibits a policy of insurance covering property in this state from containing any clause or provision making the assured liable as coinsurer with the company issuing the policy for any part of the loss or damage which may be. caused by fire to the property described in such policy, and providing that such clause or provision shall be null and void.

This contention under the above facts cannot be sustained, for to do so would make defendant in error a coinsurer to the extent of one-fourth of the value of the property destroyed, exempting plaintiff in error from its liability under its contract notwithstanding same had been voluntarily entered into and premium collected for the full amount of the risk as contained in the policy. This statute was enacted for the purpose of preventing the very wrong from being inflicted upon policy holders now sought to be here enforced, to wit, to insure property for a certain amount, collecting full premium thereon, and, in event of loss, to escape liability for one-fourth thereof through a provision in contract, commonly known as the three-fourths value clause, relieving the company from liability for one-fourth, although premium for such liability was duly collected.

We, therefore, overrule said assignment. Fireman's Ins. Co. v. Jesse French Piano & Organ Co. (Tex. Civ. App.) 187 S. W. 691.

Finding no reversible error in the case, the judgment of the court below is affirmed.

Affirmed.