PHELPS, Respondent, v. LIFE BENEFIT, INC., et al,
Appellant

(291 N. W. 919.)

(File No. 8326. Opinion filed May 4, 1940.)

Rehearing Denied June 20, 1940.

Max Royhl, of Huron, for Appellant.

George E. Longstaff, of Huron, for Respondent.

RUDOLPH, J. Defendant is a mutual assessment life insurance company organized under the provisions of Ar-

ticle 4, Chapter 4, Part 19, Title 6, Rev. Code 1919, which is now SDC 31.19. As a part of the law under which defendant was organized, Section 9358, R. C. 1919 (SDC 31.1906), provides: "No corporation or association organized or operating under this article shall issue any certificate of membership or policy * * * unless the beneficiary under such certificate shall be husband, wife, relative, legal representative, heir or legatee of such insured member, * * * and any certificate issued * * * in violation of this section shall be void."

In 1934 defendant issued a certificate of membership or policy to one Roy B. Phelps wherein the beneficiary was described as "his fiancee, Alice Krueger, if living, otherwise to the insured's estate." Roy B. Phelps, the policy holder, died and this action, based upon the certificate, is brought by his son, Robert B. Phelps, individually and as the administrator of the estate of Roy B. Phelps, to recover the face amount of the policy. Alice Krueger, the named beneficiary, is living and is conceded to be neither "husband, wife, relative, legal representative, heir or legatee" of Roy B. Phelps who died intestate. The case was tried to the court without a jury, and the court entered judgment in favor of the plaintiff, Robert B. Phelps, as administrator of the estate of Roy B. Phelps, against the defendant. The defendant has appealed.

We are convinced that a decision of the questions presented upon this appeal must depend upon the construction to be placed upon Section 9358, R. C. 1919. If this statute should be construed as simply rendering ineligible a beneficiary not falling within the class or classes prescribed by the statute, then it might be that both reason and authority would sustain the decision of the trial court. However, if the statute means what it purports to say, that is, that a corporation or an association organized under its terms shall be without authority to issue a policy wherein the beneficiary falls outside of any of the designated classes and, should such policy be issued it shall be void, then we are convinced that the judgment entered by the trial court must be reversed.

We are confronted at the outset by the decision of this court in the case of Christenson v. El Riad Temple, 37 S. D. 68, 156 N. W. 581, 582, which was a case in which the facts were similar to the facts now before us with the exception that, prior to the death of the policy holder, he had executed a will by the terms of which he had made the beneficiary named in the policy a legatee. In that case this court said: "Notwithstanding the original designation of Mary Madson as beneficiary may have been void, yet, when the insured thereafter by will designated her as a legatee and referred therein to her as the beneficiary, he then complied with the statute and gave validity to the certificate, with Mary Madson as the legal beneficiary."

It will be noted that in the above quotation the court made reference in one place to the "designation of Mary Madson as beneficiary" being void, and in another to the "validity [of] the certificate." If the court intended to construe the statute as simply making ineligible a beneficiary not falling within any of the designated classes, then we think the court was in error; on the other hand, if it was the intent to hold that the certificate itself was void when it was issued, and that the policy holder could by his own ex parte act give life or validity to this void certificate, such holding does not come within the facts now before us, because in this case the policy holder did nothing to change the status of the beneficiary from that existing at the time the policy was issued. Furthermore, the insurer was not questioning the validity of the policy as it is in the case before us. In the Christenson case the insurer paid the money into court, and the only controversy before the court was between the named beneficiary and the heirs of the deceased policy holder. Cf. volume 2, Cooley's Briefs on Insurance, page 1339.

■■ We are convinced that the statute was intended to and does by its express terms go further than simply rendering ineligible a beneficiary falling outside the designated classes. The statute not only says that no such policy shall be issued, but it expressly declares that if such policy is issued, it shall be void. The general rule that, where the

language of a statute is plain and unambiguous, there· is no occasion for construction, is applicable. To construe this statute to mean that it merely declares certain beneficiaries ineligible would seem to us to be doing violence to plain, clear, and explicit language. It would appear therefore that we find it impossible to accept the decision o'f the Iowa court in the case of Oliphant v. American Health & Accident Ass'n, 147 Iowa 656, 126 N. W. 806, 807. There is, however, in support of that decision a fact which is absent from the facts now before us. It was there held that the certificate was not wholly void under a statute identical with ours for the reason that the policy, in addition to providing a death payment, provided for payments to the insured himself in case of accident not resulting in death. The court said: "Had the assured as the result of the injury inflicted upon him lost one of his hands or feet or both his eyes, he would have been entitled to receive under the policy the weekly indemnity stipulated, and we think that it would have been immaterial that another provision of the policy contem-. plated the payment in the event of death to" a person falling outside the designated classes.

The court on this basis held that the policy had some life, was "not void in toto," and went on from there to simply eliminate the named beneficiary and ordered payment made to the legal representatives. We simply point out the distinction in the two cases without any intention of concurring in the view upon which the Iowa court based its decision.

Respondent has cited cases which hold that the designation of an ineligible beneficiary merely removes him from the certificate or policy. The cases are not helpful because decided under statutes or charters which go only to the eligibility of the beneficiary and not to the validity of the policy.

 The facts before us disclose the following: The certificate was issued in violation of the statute, the status of the beneficiary has not changed since the policy issued, and the beneficiary is alive and capable of taking under the policy. We cannot in the face of these facts validate the

policy thus issued, when the statute expressly declares such a policy is void. Nor can there be any estoppel or waiver by the company which would give effect to this policy which is so clearly in contravention of the statutory provision and which the statute declares void. Tuite v. Supreme Forest Woodmen Circle, 193 Mo. App. 619, 187 S. W. 137; United Order of G. S. v. Meekins, 155 Ark. 407, 244 S. W. 439, 28 A.L.R. 89; Steele v. Fraternal Tribunes; 215 Ill. 190, 74 N. E. 121, 106 Am. St. Rep. 160; Wirtz v. Sovereign Camp W.O.W., 114 Tex. 471, 268 S. W. 438; Haner v. Grand Lodge, A.O.U. W., 102 Neb. 563, 168 N. W. 189.

The judgment appealed from is reversed.

SMITH, P.J., and POLLEY and ROBERTS, JJ., concur.

WARREN, J., dissents.