**In the Matter of the Appeal of the SALES TAX REFUND APPLICATIONS OF BLACK HILLS POWER AND LIGHT CO., Northern States Power Company, Montana–Dakota Utilities Company, Otter Tail Power Company, Northwest Public Service Company, and Iowa Public Service Company.**

**No. 13066.**

Supreme Court of South Dakota.

Argued Sept. 10, 1980.

Decided Nov. 19, 1980.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, for appellant Investor Owned Utilities.

John Dewell, Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Justice.

This is an appeal from a circuit court judgment which affirmed a denial of appellants' claims for sales tax refunds. We reverse and remand.

Appellants are licensed sales tax retailers, engaged as investor-owned utilities in the sale and distribution of gas and electricity to South Dakota customers. Since 1969, the State has collected a sales tax upon appellants' gross receipts at the rate of four percent. Appellants independently filed refund claims in June of 1979, contending that 1969 legislation did not operate to amend what is now SDCL 10-45-6 to raise the rate from three to four percent or, if so increased, that 1974 legislation subsequently restored the rate to three percent. Following a hearing, appellants' claims were denied by the Secretary of Revenue (Secretary), from which an appeal was taken to the circuit court.

Since 1935, the State of South Dakota has collected a sales tax upon the privilege of engaging in business as a retailer.[1] A two percent tax was originally imposed upon the gross receipts from sales of tangible personal property and a "like rate of tax" upon gross receipts from the sales, furnishing or service of gas, electricity, water and communication service.

In 1937, the rate of tax upon gross receipts from sales of tangible personal property was raised to three percent and again a "like rate of tax" was imposed upon gross receipts from sales, furnishing or service of gas, electricity, water and communication service.[2]

These provisions were codified under separate paragraphs in the 1939 Code as SDC 57.3201. Section 57.3201 was amended by 1941 S.D.Sess.L. ch. 345, § 1, which reduced the sales tax rate to two percent. In 1965,

1. *See* 1935 S.D.Sess.L. ch. 205, § 34(a).

2. 1937 S.D.Sess.L. ch. 253, § 1.

the Legislature again amended SDC 57.-3201, by S.D.Sess.L. ch. 288, whereby the sales tax rate was returned to three percent, except upon gross receipts from the sale of farm machinery, which remained at two percent.[3] Section 2 of that act for the first time adopted a schedule to be used as the basis for collection of the tax from the public "where the same is applicable."

When South Dakota's statutes were recodified in 1967, the Legislature adopted seven separate sections dealing with the sales tax (SDCL 10–45–2 through 10–45–8), and moved the "schedule" section to SDCL 10–45–23. Thus, in 1967, the categories and respective rates of tax appeared as follows:

10–45–2 Sales of tangible personal property–3%

10–45–3 Sales of farm machinery–2%

10–45–4 Receipts from professional and business services–same rate as tangible personal property (3%)

10–45–5 Receipts from specific enumerated services same rate as tangible personal property.

10–45–6 Utility and communication services–3%

10–45–7 Room rentals–3%

10–45–8 Amusements and athletic events–3%

Legislation passed in 1969 is critical. 1969 S.D.Sess.L. ch. 267, § 1 in substance amended SDCL 10–45–2 by increasing the tax rate to four percent upon sales of tangible personal property, except farm machinery and except "as otherwise provided" by SDCL 10–45.[4] The "otherwise" proviso seemingly refers to various exemptions from sales of tangible personal property set forth in SDCL 10–45–9 through 10–45–20. Section 2 of the 1969 act adopted a new schedule "as the basis for collection of the tax, imposed by this chapter from the public where the same is applicable." (SDCL 10–45–23).

Section 2 of Chapter 267 reads, in part:

> The rate prescribed herein shall be applicable to all excise, registration or use taxes whose rate is fixed to or determined by the rate prescribed in 10–45–2 to 10–45–8, inclusive, except for the purpose of determining the license fee for the first or original registration of a motor vehicle as provided by 32–5–31, and upon the gross receipts reported from the operation of all vending machines, including but not limited to pin ball machines, phonographs, and all other mechanical devices for amusement, the rate of tax shall be 3 per cent.

It is significant that the title to Chapter 267 also omits any reference to SDCL 10–45–6:

> AN ACT Entitled, An Act to amend that part of SDC 1960 Supp. 57.3201 as amended by Chapter 288, Session Laws of 1965, *being SDCL 1967 10–45–2* and SDC 1960 Supp. 57.3202(6) being SDCL 1967 10–45–11 and to repeal and reenact section 2 of Chapter 288 of the Session Laws of 1965, being SDCL 1967 10–45–23, relating to the imposition of the retail occupational sales and use taxes and eliminating certain exemptions thereunder. [Emphasis supplied.]

Consequently, neither the title nor the body of the 1969 Act mentions the three percent tax upon gross receipts from utility and communication services then existing under SDCL 10–45–6.

Reference to SDCL 10–45–6 next appears in 1974 S.D.Sess.L. ch. 97, which reads, in pertinent part:

> An Act Entitled, An Act to amend SDCL 10–45–6 and to amend SDCL 10–45 by

3. During the same legislative session, the sales tax was extended to cover the receipts of persons engaged in various services and professions. 1965 S.D.Sess.L. ch. 296.

4. Section 1 of Chapter 267, 1969 S.D.Sess.L. reads, in pertinent part:

> Tax on sale of tangible personal property.–There is hereby imposed a tax upon the privilege of engaging in business as a retailer, a tax of four (4) per cent upon the gross receipts of all sales of tangible personal property consisting of goods, wares, or merchandise, except as taxed by 10–45–3 and except as otherwise provided in this chapter, sold at retail in the state of South Dakota to consumers or users.

adding thereto a new section, relating to taxes on utilities and communications services[.]

. . . . .

Section 1. That § 10–45–6 be amended to read as follows:

> 10–45–6. There is hereby imposed a tax of *three per cent* upon the gross receipts from sales, furnishing or service of gas, electricity, and water . . . [emphasis supplied].

Section 2 of chapter 97 for the first time added a new section that specifically imposed a four percent tax upon telecommunication services (SDCL 10–45–6.1).

Subsequent to the submission of briefs to the trial court in this case, the 1980 Legislature adopted 1980 S.D.Sess.L. ch. 325. That act extensively revised the sales tax statutes. SDCL 10–45–2 was amended to raise the sales tax rate upon sales of tangible personal property from four to five percent. The tax upon sales of farm machinery under SDCL 10–45–3 was increased from three percent to four percent. SDCL 10–45–6.1 was amended to raise the tax on telecommunication services from four percent to five percent. SDCL 10–45–23 was also revised from a four to a five percent based schedule. The 1980 Act left SDCL 10–45–6 unchanged at three percent.

The basic question before us is whether 1969 S.D.Sess.L. ch. 267 operated to repeal SDCL 10–45–6 or in effect amend that statute to increase the rate of tax from three to four percent upon gross receipts from the sale of gas, electric, and water utilities.

It is the position of appellee that the 1969 Legislature intended to increase the tax rate from three to four percent on the following types of gross receipts:

SDCL 10–45–2 Tax on sale of tangible personal property

10–45–4 Tax on receipts from professional and business services

10–45–5 Tax on receipts from specific listed services (abstractors, accountants, etc.)

10–45–6 Tax on utility and communication services

10–45–7 Tax on room rentals to transient guests

10–45–8 Tax on amusements and athletic events

In support of that contention, appellee places emphasis on SDCL 10–45–23 (the "schedule" section). Appellants, on the other hand, look to the language of SDCL 10–45–6. That statute has consistently imposed a three percent tax on gross receipts from utilities, except telecommunications.

We have repeatedly stated that when the terms of a statute are clear, certain and unambiguous in their meaning, it is the function of the court to give them effect and not to amend the statute to avoid or produce a particular result. *Elfring v. Paterson*, 66 S.D. 458, 285 N.W. 443 (1939). The Court's only function then is to declare the meaning of the statute as clearly expressed. *State v. Esmay*, 72 S.D. 270, 33 N.W.2d 280 (1948); *Phelps v. Life Benefit, Inc.*, 67 S.D. 276, 291 N.W. 919 (1940).

In interpreting statutes, courts are bound to accept them as written and, if possible, to determine the legislative intent therein from what the Legislature has expressly said. *Elk Point Independent School District No. 3 v. State Commission on Elementary and Secondary Education*, 85 S.D. 600, 187 N.W.2d 666 (1971). While the true intent of the Legislature must be ascertained primarily from the language of the statute itself, without resort to extraneous devices, *State Theatre Co. v. Smith*, 276 N.W.2d 259 (S.D.1979), other considerations may be included. In *Elfring v. Paterson*, supra, we quoted with approval from *Commonwealth v. Barney*, 115 Ky. 475, 484, 74 S.W. 181, 184 (1903), as follows:

> [T]he language of the act, including its title, the history of its enactment, and the state of the law already in existence bearing on the subject, are all properly considered by the courts in arriving at the legislative intention, because the Legislature must have resorted to the same means to arrive at its purpose.

66 S.D. at 462, 285 N.W. at 445.

The trial court found that SDCL 10–45–23 conflicts with and thus creates an

ambiguity when read in conjunction with SDCL 10–45–6 and that, therefore, the clear language rule does not apply. Ambiguity is a condition of construction, and may exist where the literal meaning of a statute leads to an absurd or unreasonable conclusion. *Elfring v. Paterson*, supra. Although it is not entirely clear from the record, it appears the trial court concluded that the 1969 amendment of SDCL 10–45–23 operated as an implied repeal of SDCL 10–45–6 since the Legislature apparently intended the schedule in SDCL 10–45–23 to be applicable to SDCL 10–45–2 through 10–45–8 (with the specific exception of 10–45–3).

Although repeals by implication are not favored, if there is irreconcilability between statutes, the latter statute prevails. *Matter of Bode's Estate*, 273 N.W.2d 180 (S.D.1979); *Friessen Const. Co., Inc. v. Erickson*, 90 S.D. 60, 238 N.W.2d 278 (1976). The general rule, however, and the rule in this state, is clear that repeal by implication will be indulged only where there is a manifest and total repugnancy. *Department of Public Safety v. Cronin*, 250 N.W.2d 690 (S.D.1977); *Northwestern Public Service Co. v. City of Aberdeen*, 90 S.D. 627, 244 N.W.2d 544 (1976). If, by any reasonable construction, both acts can be reconciled, they should be. *State v. Myott*, 246 N.W.2d 786 (S.D.1976). Where conflicting statutes appear, it is the responsibility of the court to give a reasonable construction to both, *State v. Christian*, 85 S.D. 92, 177 N.W.2d 271 (1970), and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable. *In Re Collins*, 85 S.D. 375, 182 N.W.2d 335 (1970).

SDCL 10–45–23 does not impose a tax. It was expressly adopted as the basis for collection from the public of the tax imposed by Chapter 10–45 "where the same is applicable." It allows an average equivalent tax liability on retail purchases to be added to the price of the purchase made by consumers. SDCL 10–45–23 can be read in harmony with SDCL 10–45–6 and yields a reasonable construction when the schedule is applied selectively only to those categories in 10–45–2 through 10–45–8 that are imposed at the scheduled rate. This rationale is strengthened by the further language in SDCL 10–45–23, wherein the scheduled rate is applicable to all excise, registration or use taxes whose rate is fixed to or determined by the *rate* prescribed in SDCL 10–45–2 through 10–45–8. To hold that 10–45–23 imposes a four percent rate for all of the taxing categories ignores the fact that 10–45–2 through 10–45–8 contain different taxation rates.

Finally, we note that, in 1974, the Legislature gave specific attention to SDCL 10–45–6, but declined to amend the tax rate on electric, gas, and water utilities. In 1980, the Legislature examined the entire body of sales tax statutes covered by 10–45–23 and again failed to raise the rate imposed by 10–45–6. To do this, the Legislature had to look squarely at this language: "There is hereby imposed a tax of *three percent* upon the gross receipts from sales, furnishing or service of gas, electricity, water . . ." (SDCL 10–45–6). [Emphasis supplied.] We assume that statutes mean what they say and that the legislators have said what they meant. *Crescent Electric Supply Co. v. Nerison*, 89 S.D. 203, 232 N.W.2d 76 (1975). We are not persuaded that a provision so obvious remained at three percent by oversight. On the contrary, it is reasonable to conclude that since 1969, the Legislature has intentionally granted a special sales tax concession to certain utility services, as it has in other categories.

Appellants therefore have paid a sales tax in excess of the amount imposed. We reverse and remand for determination of a credit or refund pursuant to the provisions of SDCL 10–45–53.

WOLLMAN, C. J., DUNN and MORGAN, JJ., and BRADSHAW, Circuit Judge, concur.

BRADSHAW, Circuit Judge, sitting for HENDERSON, J., disqualified.