ZINTER, Justice
(dissenting).
[¶ 30.] I respectfully dissent because the majority has rewritten the statutory definition of sexual contact. SDCL 22-22-7 prohibits defendants, sixteen years of age or older, from engaging in sexual contact with children. SDCL 22-22-7.1 defines the .types of sexual contact that are prohibited. It prohibits a defendant’s “touching ... of the breasts of a female or the genitalia or anus of any person[.]” Id. These quoted words prohibit a defendant’s “touching of’ — not a defendant’s “touching with” — the specified body parts. Additionally, the specified body parts do not include a child’s buttocks. See id. Therefore, Bariteau’s touching the child’s buttocks with his genitals, although reprehensible, was not prohibited by the ordinary meaning of the words in SDCL 22-22-7 and SDCL 22-22-7.1.
[¶31.] The majority upholds the conviction, contending that “Bariteau’s touching of his penis ... is, under the plain language of SDCL 22-22-7.1, sexual contact.” See supra ¶ 17 (emphasis added). But the defendant cannot be convicted for touching his own penis. Therefore, the validity of the majority’s contention is contingent on reading SDCL 22-22-7.1 to define sexual contact to include “‘any touching,’ not ‘a defendant’s touching’” involving the specified body parts. See supra ¶¶ 16,- 18, 19. The validity of the majority’s contention is also contingent on reading SDCL 22-22-7.1’s reference to the specified body parts of “any person” to be a reference to the defendant’s body parts. See supra ¶ 19. However, the words in the text of SDCL 22-22-7.1 do not prohibit any touching involving the specified body parts of the defendant. The majority arrives at its contrary- contention by removing the. words “any touching” and “any person” from their contextual ties. When read in context, SDCL 22-22-7 and SDCL 22-22-7.1 only prohibit a defendant’s touching of the breasts of a female, or the genitalia or anus of some other person. See id.
[¶ 321] The majority first insists that because there is a reference to the words “any person” at the end of the phrase specifying the body parts in SDCL 22-22-7.1, the specified body parts do “not refer only to the victim,” they also refer to the defendant’s body parts. See supra ¶ 19. This claim takes the words “any person” out of context. The complete phrase prohibits a defendant’s touching of “the breasts of á female or the genitalia or anus of any person[.]” SDCL 22-22-7.1 (emphasis added). When read in context, it is obvious that the Legislature’s use of the words “any person” in this phrase was only intended to preserve a gender distinction among the body parts that may'not be touched. The first part of the phrase references female breasts, and the words “any person” follow and modify the words in the second part of the phrase referencing “genitalia or anus.” See id. Thus, the modifying words “any person” are used to make clear that the touching of breasts constitutes sexual contact only if they are a female’s, while sexual contact includes *179 the touching of the genitalia or anus “of any person,” i.e., both males and females. See id. The majority errs in construing the words “any person” in this phrase to be a reference to the defendant actor’s body parts.[8]
[¶ 33.] The majority also insists that the conviction must be upheld because sexual contact includes “any touching” involving the specified body parts. See supra ¶ 18. But Bariteau did not force or induce the child to touch his penis: he touched the child with his penis. Therefore, to sustain the conviction on the facts of this case, the majority changes the statutory definition from one prohibiting “any touching of’ genitals to one prohibiting “any touching with” genitals. It is only by adding the word “with” (or “to”[9]) and giving the statutory word “of’ no meaning that Bariteau’s conviction can be upheld. In interpreting statutes we do not, however, “add to or subtract from the language of a statute.” City of Sioux Falls v. Ewoldt, 1997 S.D. 106, ¶ 13, 568 N.W.2d 764, 767. If South Dakota statutes are to prohibit a defendant’s touching with, or any touching involving a defendant’s genitals, the Legislature must do what the other states have done: amend the statute to criminalize such conduct.[10]
*180 [¶ 34.] The majority rectifies the South Dakota Legislature’s failure to criminalize Bariteau’s misconduct by construing SDCL 22-22-7, -7.1 under the absurdity doctrine. See supra ¶ 20. The absurdity doctrine does not, however, apply because adherence to the ordinary meaning of the words actually used does not create an absurdity. SDCL 22-22-7 and SDCL 22-22-7.1 criminalize a wide range of sexual acts that are uniformly accepted as criminal misconduct. Therefore, the meaning of that text makes sense. The problem is that by prohibiting the “touching of’ sped-' fied body parts of thé victim, but not the “touching with” the body parts' of the defendant, the Legislature simply failed to anticipate Bariteau’s different kind of act. And rectifying that oversight is a . legislative rather than judicial function. See State v. Burdick, 2006 S.D. 23, ¶ 18, 712 N.W.2d 5, 10 (“[I]t is the province of the Legislature to define what conduct is criminal and provide appropriate punishment.”). “We must accept what the [Legislature has said — and has not said — rather than attempt to rewrite the. law to conform with what we or others think it should have said.” Id.; see also State v. Koerner, 1999 S.D. 161, ¶9, 603 N.W.2d 718, 722 (abiding by the legislative text that failed to criminalize purported criminal conduct). Further, under our Constitution, it is not this Court’s role to fix statutes — the “power to fix statutes substantively would give the Judicial Branch too much leeway to prefer its views about what makes for ‘good’ laws over those of the Legislative Branch.” See Jaskolski v. Daniels, 427 F.3d 456, 462 (7th Cir.2005). Thus, we are obligated to defer to the text of the statutes. '
[¶ 35.] Considering the facts of this case, I empathize with the desire to criminalize Bariteau’s conduct. But here, the definitional words used in SDCL 22-22-7.1 — the “toüching ... of’ specified body parts — are clear. ■ When' the language is this clear, courts are only justified, in declaring the meaning of the words used. See State v. Moss, 2008 S.D. 64, ¶ 15, 754 N.W.2d 626, 631 (“The intent of a- statute is determined from what the [Legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used.”). Addi *181 tionally, “[w]e have repeatedly stated that when the terms of a statute are clear, certain and unambiguous in their meaning, it is the function of the court to give them effect and not to amend the statute to avoid or produce a particular result.” In re Sales Tax Refund Applications of Black Hills Power & Light Co., 298 N.W.2d 799, 802 (S.D.1980). Because the words, used in the definitional statute do not prohibit Bariteau’s reprehensible acts, I have no choice but to respectfully dissent. Only the Legislature may rewrite the statute. The Legislature should amend SDGL 22-22-7.1 to prohibit Bariteau’s misconduct.
[¶ 36.] SEVERSON, Justice, joins this dissent.

. Concededly, the general statute — SDCL 22-22-7 — also contains a reference to "any person.” It prohibits "any person” from engaging in sexual contact. But that general prohibition against engaging in sexual contact does not define what types of sexual contact are prohibited. SDCL 22-22-7.1 defines the types of sexual contact that are prohibited, and the prohibited acts only include the "touching of” the breasts of females and the genitalia or ani of both male and female victims.

. The majority avoids acknowledging its implicit use of the word "with” by using the word "to” in a telling grammatical phrase: the majority contends Bariteau engaged in sexual contact because he knowingly engaged in the "touching of his genitals to " the victim. See supra ¶ 20.

. See Alaska Stat. Ann. § 11.81.900(59) (West, Westlaw through 2016 Legis. Sess.) (" ‘[Sjexual contact’ means ... (ii) knowingly causing the victim to touch, directly or through clothing, the defendant’s or victim's genitals, anus, or female breast[.]”) (emphasis added); Colo.Rev.Stat. Ann. § 18-3-401(4) (West, Westlaw through 2016 Legis. Sess.) (" 'Sexual contact' means the knowing touching of ... the victim’s intimate parts by the actor, or of the actor’s intimate parts by the victim [.] ”) (emphasis added); Conn. Gen. Stat. Ann. § 53a-65(3) (West, Westlaw through 2016 Legis. Sess.) (" 'Sexual contact’ means ... any contact of the intimate parts of the actor\_.1")\ Del.Code Ann. tit. 11, § 761(f)(2) (West, Westlaw through 2016 Leg-is. Sess.) (" 'Sexual contact’ means ... [a]ny intentional touching of another person with the defendant’s anus, breast, buttocks or geni-taliaU") (emphasis added); Ga.Code Ann. § 16-6-5.1(a)(4) (West, Westlaw through 2016 Legis. Sess.) (‘"Sexual contact’ means any contact between the actor and a person not married to the actor involving the intimate parts of either person for the purpose of sexual gratification of the actor.”) (emphasis added); Kan. Stat. Ann. § 21-5506(a)(l) (West, West-law through 2016 Legis. Sess.) ("Any ... touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both[.]”) (emphasis added); Mo. Ann. Stat. § 566.010(3) (West, Westlaw through 2016 Legis. Sess.) (" ‘Sexual contact’, any touching of another person with the genitals[.]”); Neb. Rev.Stat. Ann. § 28-318(5) (West, Westlaw through 2016 Legis. Sess.) ("Sexual contact shall also mean the touching by the victim of the actor’s sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor.”) (emphasis added); N.H.Rev.Stat. Ann. § 632-A:l(IV) (West, Westlaw through 2016 Legis. Sess.) (" ‘Sexual contact’ means the intentional touching whether directly, through clothing, or otherwise, of the victim’s or actor's sexual or intimate parts, including emissions, tongue, anus, breasts, and buttocks.”) (emphasis added); N.J. Stat. Ann. 2C:14-l(d) (West, Westlaw through 2016 Leg-is. Sess.) (" ‘Sexual contact’ means an inten *180 tional- touching by the victim or actor, either directly or through clothing, of the victim’s or actor’s intimate parts [.]”) (emphasis added); N.M. Stat, Ann. § 30-9-13(A) (West, Westlaw through 2016 Legis. Sess.) ("Criminal sexual contact of a minor is ... the unlawful ánd intentional causing of a minor to touch one's intimate parts.”); N.Y. Penal Law § 130.00(3) (McKinney, Westlaw through 2016 Legis. Sess.) ('■' ‘Sexual contact’ ... includes the touching of the actor by the victim[.]”) (emphasis added); N.C. Gen.Stat. Ann. § 14-27.20(5) (West, Westlaw through 2016 Legis. Sess.) (" 'Sexual contact' means ... (ii) a-person touching another person with their own sexual organ, anus, breast, groin, or but-toclcs[.]''); Ohio Rev-.Code Ann. § 2907.01(B) (West, Westlaw through 2015-2016 Legis. Sess.) (Defining sexual contact to include "any touching of ... [a] buttock[.]"); R.I. Gen. Laws Ann. § 11-37-1(7) (West, Westlaw through 2016 Legis. Sess.) (" ‘Sexual contact’ means the intentional touching of the victim’s or accused’s intimate parts [,] ’’) (emphasis added); Tenn.Code Ann. § 39-13-501(6) (West, Westlaw through 2016 Legis. Sess.) (" ‘Sexual contact’ includes the intentional touching of the victim's, the defendant's, or any other person’s intimate parts[.]”) (emphasis added); W. Va.Code Ann. § 61-8B-1(6) (West, Westlaw through 2016 Legis. Sess.) (" ‘Sexual contact’ means any ... intentional touching of any part of another person's, body by'the actor’s sex organs [.]”) (emphasis added); Wis, Stat. Ann.. § 948.01(5) (West, West-law through 2015 Act 392) (" 'Sexual contact’ means any of the. following .., 2, Intentional touching by the complainant, by the use of any body part or object, .of the defendant’s intimate parts [.]”) (emphasis added); Wyo, Stat. Ann. § 6-2-3Ql(a)(vi) (West, Westlaw-. through 2016 Budget Sess.). (‘“Sexual contact' means touching .... of the actor's intimate parts by the victim [,] ”) (emphasis added).