## CAIN, Respondent, v. MEADE COUNTY, Appellant.

### (223 N. W. 734.)

(File No. 6621.  Opinion filed February 21, 1929.)

*John P. Everett*, of Sturgis, for Appellant.

*Atwater & Helm*, of Sturgis, for Respondent.

BURCH, J.   Plaintiff sues to recover damages for injuries to his person and automobile, resulting from defects in a state highway composing a part of the state "trunk highway system."   Defendant demurred to plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action.   The demurrer was overruled, and defendant appeals.

It will not be necessary to set out the complaint, as appellant contends that all the facts well pleaded do not furnish a right of recovery.   The only question for our decision is the liability of the county for injuries received by reason of a defective highway forming a portion of the trunk system.   This state is commmitted to the common-law doctrine that a county charged with the duty of maintaining the highways within its borders is not liable for defective maintenance of such highways without express statute fixing such liability.   Hanigan v. Minnehaha Co., 47 S. D. 606, 201 N. W. 522; Brown v. Roberts Co., 49 S. D. 173, 206 N. W. 479.   But we have a statute (section 61 of chapter 333, Laws 1919) providing:

"Claims for damages which may be due to the insufficiency or lack of repair of the trunk highway system shall be against the county, except that when any town, city or village, or public service corporation, shall, in their construction or maintenance of a public utility or other public service property, or of a road or street, have made a portion of the trunk highway system unsafe or dangerous for public travel, the town, village or city, or public service corporation responsible shall be liable for and shall defend such claims for damages."

Unless chapter 285, Laws 1923, repeals by implication said section 61, that section gives a right of action, if applicable to the situation here involved.   Chapter 333, Laws 1919, creates a

state highway commission and provides for an extensive highway system, more or less under the control of such commission. A portion of the entire system is designated as the "trunk highway system," while another portion is designated a "county highway system," and the manner of establishing, constructing, and maintaining such systems is in the several sections thereof prescribed. By that chapter the maintenance, although not the construction, of the trunk system devolved upon the county in which the highway was located. By chapter 285, Laws 1923, the duty of maintaining such highways was transferred from the county to the state highway commission. Appellant contends that this change transferring the duty of maintenance from the county to the state repealed by implication that portion of section 61, c. 333, Laws 1919, making the county liable for lack of repair of such highways. There is nothing in chapter 285, Laws 1923, expressly repealing the section or repealing any law in conflict therewith, nor is section 61 of chapter 333, Laws 1919, in language directly in conflict with the later enactment.

But the effect of section 61 at the time of its enactment was to allow a recovery for the negligence of the county officers in the maintenance of such highways. To apply section 61 after the amendment would be to bind the county, not for the negligent acts of its officers, but for the negligent acts of the state officers, over which it has no control. Negligence is the gist of the cause of action. Now no duty to repair is imposed by statute upon the county; therefore no neglect of such duty can rightly be charged to the county. Such negligence, if any, is chargeable to the state and state officers. The section was evidently passed to give a right of action against the county for its negligence. There is nothing to indicate that it was ever intended to give a right of action against the county for the negligence of the state. We are not disposed to hold that it has any such application. It may well be doubted that the Legislature could legally impose a liability for the negligence of the state as a whole upon a single county. The court erred in overruling the demurrer, unless the pleaded facts, that the county for a valuable consideration entered into an agreement with the state highway commission to maintain and repair all highways in Meade county, and acted under said agreement, and assumed all responsibility for the maintenance and repairs of said highways, states a cause of action as a result of the contract.

■ Under chapter 285, Laws 1923, the state highway commission is authorized to cause the work of repairing and maintaining such highways "to be performed by day labor, or by convict labor or by contract or by agreement with the board of county commissioners." It is alleged the county agreed to maintain and repair all state highways in Meade county, and ever since the year 1923 has acted under said agreement. But that agreement was with the state, and a failure to do so was a breach of contract. There is no privity of contract between plaintiff and the county. Plaintiff must recover, if at all, for breach of duty. Without the contract, there was no duty to maintain and repair such highways. Did the contract create, not only contract obligations, but also a duty to the public, for which it must respond? In Burdick's Law of Torts (4th Ed.) p. 196, is is said:

"Undoubtedly, when the servant or agent owes no legal duty to a third person, such person cannot make out a cause of action in tort against him, by showing that his neglect to perform a duty, owing to the master, has been followed by injury to himself, and third person. If the master owed such person a duty, his neglect to perform it would render him answerable for injury caused thereby; and such liability is all that the injured party needs or can claim. But when the servant or agent has assumed a duty to third persons, as well as to his master or principal, as when he has taken full possession of his master's or principal's property, and has agreed to keep it in repair, or to do other acts upon or about it, whose performance is necessary to the safety of third persons, it would seem that he should respond in damages to third persons who are injured by its nonperformance. This view is sustained by the weight of modern authority."

In Lough v. John Davis & Co., 30 Wash. 204, 70 P. 491, 59 L. R. A. 802, 94 Am. St. Rep. 848, an agent in control of a building for rent, with full authority to repair, was held liable to one injured because of lack of repair. Therein is an able discussion of the principles governing the liability of agents to third persons for failure to act in the conduct of the business entrusted to them. See, also, sections 272 and 273 under title of "Master and Servant" in 18 R. C. L. 818, and notes in Ann. Cas. 1913B, 725, 2 L. R. A. (N. S.) 378, where cases are cited and the rule formulated.

Without reviewing the cases we apply the principles to the

case at bar. The county having, under the terms of the contract, entered upon and acted thereunder, with full control of the maintenance and repair of the state trunk highways within the county, was charged with the same degree of care in doing so as was imposed upon the state. When the county by contract assumed the duty of maintaining and repairing such highways, by that act it assumed a duty to the public as well as the contract duty.

Is the county, then, liable in tort for negligence in performing that duty? We think it is. If, as a contractor, it does not act in a sovereign function, it is liable under common-law principles as an independent contractor. If, although the duty is imposed by contract and not by statute, it is still acting in a sovereign function, requiring a waiver of immunity before it can be held, then said section 61 of chapter 333, Laws of 1919, waives that immunity. We do not think it necessary to decide whether the county, as a contractor, acts in a sovereign function or not. In either role the county is liable, in one because immunity is waived, in the other on common-law principles, as an independent contractor without immunity.

To avoid any misunderstanding, we summarize: Section 61, chapter 333, Laws 1919, is evidently intended as a waiver of sovereign immunity in favor of counties for negligence in maintenance and repair of trunk highways, when such counties are charged with the duty of maintenance and repair. Now, no county is charged with such duty by statute. Consequently that section has no application, unless that duty has been assumed by contract. In that case, if there is immunity (which we do not decide), the section, not having been repealed, should be held to apply as a waiver of the immunity. If there is no immunity, then the section has no application; but the county is nevertheless liable to the same extent as any independent contractor.

That an independent contractor under such circumstances would be liable cannot be doubted, unless the immunity of the state would clothe the contractor with immunity. We can see no good reason why it should. The question is discussed in Grennell v. Cass Co., 193 Iowa, 697, 187 N. W. 504, and the conclusion reached that an independent contractor is liable for his own negligence although his employer may be immune. We think the reasoning in that case is sound and we so hold in this case.

The order appealed from is therefore affirmed.

SHERWOOD, P. J., and POLLEY and CAMPBELL, JJ., concur.

BROWN, J., not participating.