WALLER, Respondent, v. COUNTY OF EDMUNDS, Appellant

(290 N. W. 484.)

(File No. 8262. Opinion filed March 5, 1940.)

**J. M. Berry** and **H. W. Hembd,** both of Ipswich, for Appellant.

**Geo. H. Fletcher** and **Gorsuch & Huntsinger,** all of Aberdeen, for Respondent.

SMITH, P.J. Plaintiff recovered a judgment for damages suffered on July 1, 1937, on the theory that the defendant county was then answerable for alleged negligence in failing to guard or repair a washout in a "secondary road" located within the confines of an organized civil township. In the trial below, and by its appropriate assignments here, the county maintains that it had neither power nor duty in the premises and is therefore not liable to plaintiff for the damages suffered. This contention is based upon the premise that the statutes charge an organized civil township with the duty to maintain and repair "secondary roads" within its confines. Cf. § 8550, Rev. Code 1919. Plaintiff admits the premise but, nevertheless, maintains that the county is answerable for his damage under the provisions of §§ 8589, 8590, Rev. Code 1919, as amended by Chapter 167 of the Laws of 1931, §§ 1, 2, reading as follows:

"Section 8589. Guards Erected—Repairs. It shall be the duty of the governing body of every city, incorporated town and of the board of county commissioners in the territory not included in any such city or town, to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof, and in case any highway, culvert or bridge shall become, in whole or in part, destroyed or out of repair by reason of floods, fires or other cause to such an extent as to endanger the safety of the public, it shall be the duty of such governing body or board, upon receiving notice thereof, to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such highway of sufficient height, width and strength to warn and guard the public from accident or injury, and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert or bridge as provided in this article."

"Section 8590. Violation—Penalty—Damages. Any officer who shall violate the provisions of the preceding section shall be deemed guilty of a misdemeanor and upon con-

viction thereof shall be punished by a fine of not less than ten nor more than fifty dollars or by imprisonment in the county jail not less than five nor more than ten days, or by both such fine and imprisonment; and any person who shall sustain injury to person or property by reason of any violation of such section shall have a cause of action against the city, town, or county, as the case may be."

If it were clear that the Legislature intended the literal meaning of these two sections, the issue would present no difficulties. However, when these sections are viewed in the light of other sections of the statutes the real intention of the Legislature is left in doubt.

Interpreted according to its literal sense, § 8589, supra, would charge a county with the duty of keeping all highways in the county not included within the limits of any city or incorporated town in such condition as to render them safe, passable and free from danger of accident or injury, or, having discovered (or according to the law of this case, having been charged with notice of) a defect in any such highway, of forthwith erecting ample guards as a warning to travelers, and of repairing the defect within a reasonable time. From other statutes (Cf. Chapter 333 of the Laws of 1919), it appears that in addition to the county highway system, for which the county is primarily responsible, a county may be traversed by miles of roads constituting a part of the state trunk highway system for which the state is charged with primary duty to construct, maintain and repair, and will surely be criss-crossed by miles of "secondary roads" located in organized townships which sub-divisions are, by statute, made primarily responsible for their maintenance and repair. Thus by a contrast of these several statutory provisions, it becomes apparent that a construction of § 8589, supra, involves a choice of one of two assumptions. One must assume either that the Legislature intended to arbitrarily burden the taxpayers of a single county with obligation to discharge damages occasioned by negligence to users of the public highways located therein, irrespective of whether the negligence was in fact that of the county or of the state as a whole or of some particular

township, or one must assume that notwithstanding the clear provisions of other sections of the statutes by which it has charged the primary duty to maintain and repair the trunk highway system and the secondary roads on the state and the organized townships, respectively, it intended to divide responsibility for their condition, duplicate expense, and charge the county with an added duty to cruise, maintain, guard and repair the same highways.

 The court has maintained the view that the Legislature sought neither of these objectives. Reasoning from the history of these sections and of other statutes dealing with our highways, it has concluded that by §§ 8589 and 8590, supra, the Legislature did not intend to charge any sub-division with new and independent duties, but rather intended thereby to amplify and render explicit the duties assigned by other primary statutes dealing with maintenance and repair, and through a waiver of sovereignty to grant a right of action against the named sub-divisions for negligence in connection with their respective duties in the premises.

 A review of the decisions discloses that liability will only arise where there is a concurrence of three factors, viz., (1) The defendant sub-division must be named in §§ 8589 and 8590, supra, (2) it must be primarily responsible under other statutes for the maintenance and repair of the highway in question, and (3) it must have been negligent.

 In the case of Hanigan v. Minnehaha County et al., 47 S. D. 606, 201 N. W. 522, the township was then named in the act (Cf. § 8589, supra), but its primary duty to repair and maintain the road in question (a part of the county highway system), had been transferred to the county.

In Clementson v. Union County, 63 S. D. 104, 256 N. W. 794, the county was held liable for damages from injury on a part of the county highway system, after the amendment of §§ 8589 and 8590 by Chapter 167 of the Laws of 1931, supra. The county was named in the act, it had primary responsibility for the condition of the road, and it was negligent.

In Robinson v. Minnehaha County, 65 S. D. 628, 277 N. W. 324, the county was held not to be liable under these sections for damages suffered on the state trunk highway system because it was charged with no primary duty to maintain and repair that system of roads.

In Cane v. Meade County, 54 S. D. 540, 223 N. W. 734, it was sought to charge a county with liability for damages suffered on the state trunk highway system under a cognate statute (Section 61, Chapter 333, of the Laws of 1919, supra) after the primary duty to maintain and repair that system had been transferred from the county to the state highway commission, and the contention was rejected by a parity of reasoning.

It is noteworthy that the Legislature has adopted a revision of these sections which accords with the interpretation of the court. Cf. SDC 28.0913.

It follows that we are of the opinion that the county, being charged with no duty in the premises, was not negligent and is therefore not liable.

The order and judgment of the learned trial court is reversed and that court is directed to enter its judgment dismissing the action on its merits.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.
POLLEY, J., dissents.