CHRISTIANSEN, Appellant v. STRAND, Respondent

(147 N.W.2d 415)

(File No. 10320. Opinion filed December 23, 1966)

**Larson, Bubak & Brost,** Kennebec, for plaintiff and appellant.

**Tinan, Carlson & Padrnos,** Mitchell, for defendant and respondent.

HANSON, Judge.

In October, 1960 plaintiff and defendant became joint purchasers of ranch property in Lyman County under a contract for deed. Defendant Strand defaulted in some of his payments which were paid by plaintiff. Thereafter, plaintiff commenced an action to have defendant's interest in the contract for deed impressed with an equitable lien and for foreclosure of the same. This relief was granted by the trial court and on January 3, 1964, judgment was entered which decreed in part:

"(4) Plaintiff having an equitable lien against Defendant's one half interest in the said contract exhibit A to secure the repayment of funds advanced by her for Defendant's share of the obligations imposed by said contract exhibit A, with costs and legal interest thereon, in total amount of **$21,793.44,** Plaintiff may proceed to foreclose the same in the manner provided by SDC 1960 Supp. Chapter 37.33 entitled 'Foreclosure of Liens on Personal Property By Action,' such foreclosure to be by sale of Defendant's entire interest in the said contract exhibit A, the same being indivisible; and

"(5) The Sheriff of Lyman County, S. Dak. is here directed forthwith to conduct foreclosure sale of Defendant's entire interest in said contract exhibit A in the manner provided by law and this Decree, and thereafter to apply the proceeds of the sale, after first deducting his costs and expenses of conducting same, to satisfaction of the amount hereinbefore decreed to be due Plaintiff with interest at the legal rate until paid, and in event there be any surplus remaining thereafter, that the same be paid over directly to the Defendant, Walter M. Strand, and in event the said Defendant cannot be located for that purpose, you are to provide for the safe-keeping of any such surplus until it is claimed and paid to him or such other person as may be legally entitled thereto.

"(6) That the Court shall retain jurisdiction to enter such other and further Order and Decrees as may be necessary to carry out this decree."

This judgment was affirmed in a prior appeal. See Christiansen v. Strand, 81 S.D. 187, 132 N.W.2d 386.

After the action was remanded to Circuit Court, plaintiff moved that she be permitted to include amounts paid under the contract after entry of judgment for taxes, principal and interest, together with interest at 6% on such additional payments' and that she be allowed damages for defendant's wrongful holding over of the property since his default, such damages to be assessed against the cash appeal bond on such terms and in such amount as the court shall determine adequate and necessary. The record does not reflect any disposition of this motion, but according to the briefs the court apparently orally allowed the inclusion of additional payments made by plaintiff to the amount of her lien but denied any assessment of damages as part of this proceeding.

Shortly thereafter defendant requested plaintiff's attorney to advise him as to the amount due plaintiff. On March 5, 1965 defendant was advised by defendant's counsel that the sum of $42,337.81 was due which included the original amount of the judgment together with all subsequent payments plus accrued interest. Accordingly, on March 8, 1965 defendant deposited $42,337.81 to the account of plaintiff in a Mitchell, South Dakota bank pursuant to SDC 47.0209. He also sent a "Notice of Payment" to plaintiff by certified mail. The money was later redeposited with the Clerk of Courts of Lyman County by court order. Plaintiff refused the tendered payment.

After plaintiff refused payment defendant obtained an order to show cause why plaintiff should not be restrained from proceeding with the foreclosure of defendant's interest in the contract for deed and why she should not satisfy the judgment against him. These proceedings culminated in an order of the court dated November 15, 1965, granting defendant the relief requested. Plaintiff appeals from such order.

Plaintiff contends defendant had no right to pay the judgment after it was entered as the trial court had decreed a strict foreclosure of the equitable lien in its memorandum opinion by

giving defendant until January 1, 1964 to pay his obligation and if he failed, plaintiff would be allowed to sell the property. This contention is not sustained by the record.

■■ We do not have the trial court's memorandum opinion and it is not material. As its name implies a memorandum opinion is merely an expression of the trial court's opinion of the facts and the law. "Any expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is of no binding force and effect as a matter of law either upon the trial judge himself or any one else * * * Such expressions by the trial judge are, of course, helpful and indeed almost necessary in advising counsel as to the views of the court and for the information of counsel in drafting findings and conclusions for presentation to the court." Western Bldg. Co. v. J. C. Penney Co., 60 S.D. 630, 245 N.W. 909; Cady v. Cady, 79 S.D. 500, 114 N.W.2d 102, 100 A.L.R.2d 608.

■ The decision of the court, dated January 3, 1964, contained the following conclusion of law:

"V. That the Plaintiff should be permitted to foreclose her equitable lien on Defendant's share of the contract exhibit A, pursuant to the provisions of SDC 1960 Supp. Chapter 37.33, relating to foreclosure of liens on personal property, provided that such foreclosure shall not be commenced unless Defendant shall have failed to redeem the said defaults and amounts owing to Plaintiff with legal interest thereon from the date of advancement, by January 1, 1964, and, if not redeemed by such time, Plaintiff should be permitted to proceed forthwith for foreclosure of her lien."

Such language dispels any question of strict foreclosure. It merely authorizes plaintiff to foreclose her equitable lien on defendant's property pursuant to SDC 1960 Supp. Chapter 37.33 which provides, in part, that "An action to foreclose a lien on personal property may be maintained by any person having a lien thereon by common law, statute, or contract * * * A judgment in favor of the plaintiff must specify the amount and nature of

the lien and direct a sale of the property * * * It shall direct sale by the 'sheriff * * * in like manner as when the sheriff sells property under execution, and the application by him of the proceeds of the sale, less his fees and expenses, to the payment of the judgment and costs".

■ The judgment rendered by the court established an equitable lien in plaintiff's favor for the amount due against defendant's interest in the contract for deed and directed sale by foreclosure. The creation of the lien did not transfer title or extinguish defendant's interest in the property. Defendant's interest and title could be divested only by sale on foreclosure. Until sold defendant had the absolute right to voluntarily pay the obligation imposed by the judgment. This he did by legal tender before any foreclosure sale was held.

Affirmed.

ROBERTS, BIEGELMEIER and HOMEYER, JJ., concur.

RENTTO, P. J., not participating.