# IN RE COLLINS, PETITIONER

(182 N.W.2d 335)

(File No. 10782. Opinion filed December 31, 1970)

**A. H. Shuster,** Asst. Atty. Gen., Pierre, **Gordon Mydland,** Atty. Gen., on the brief, for appellant.

No appearance by petitioner.

BIEGELMEIER, Judge.

In this appeal by the commissioner of motor vehicles involving his authority to revoke an operator's license to drive a motor vehicle, we have not had the assistance of a brief or argument by the operator. We will first refer to and quote the pertinent statutes.

SDCL 32-23 deals generally with the subject of driving a motor vehicle under the influence of intoxicating liquor (or any drug).

SDCL 32-23-1 declares it shall be unlawful and punishable as provided by other sections for any person who is under the influence of intoxicating liquor to operate or drive any vehicle.

SDCL 32-23-2 provides upon conviction for a first offense imprisonment or fine or both, and subsequent sections provide for enhanced punishment for second and third offenses all as criminal actions prosecuted by the state. They also provide for restrictions for operating a motor vehicle.

SDCL 9-31-1 provides that "Every municipality shall have power to regulate the use of motor vehicles".

SDCL 9-31-4 provides that

"Every municipality shall have power to prohibit the operation or the attempt to operate a motor vehicle within the limits of the municipality while in an intoxicated condition * * * and to provide for violation thereof penalties similar to and of the character of, but not to exceed, the penalties prescribed by chapter 32-23, provided that the penalty against driving a motor vehicle shall extend only to prohibit the defendant from driving a motor vehicle upon the public streets, alleys, avenues and highways within the municipality in which the offense was committed."

The municipalities have power to enact ordinances that relate to the subject of drunken driving under these statutes. City of Aberdeen v. Forkel, 72 S.D. 536, 37 N.W.2d 407.

SDCL 32-1-1 creates a department of motor vehicles, in charge of a commissioner, SDCL 32-1-2, with powers provided in Title 32, including the issuance of an operator's license required to drive motor vehicles upon highways in this state. SDCL 32-12-17 and 32-12-22.

SDCL 32-12-54 provides:

"Every court having jurisdiction over offenses committed under this chapter, or any other act of this state or municipal ordinance which is in strict con-

formity with state law and adopted by a local authority regulating the operation of motor vehicles on highways, shall forward to the department of motor vehicles within ten days a record of the conviction of any person in said court for a violation of any said laws * * * and may recommend the suspension of the operator's license of the person so convicted."

SDCL 32-12-53 states:

"For the purposes of this chapter the term 'conviction' shall be deemed to include the judgment and sentence of the trial court".

SDCL 32-12-52 states the department "shall forthwith revoke the license or permit of any operator upon receiving a record of such operator's conviction of any of the following offenses:

*          *          *          *

(2) Driving a motor vehicle while under the influence of intoxicating liquor * * *".

SDCL 32-12-55 directs that whenever any person is convicted of any offense for which Chapter 32-12 makes mandatory the revocation of the operator's license by the department, the court in which such conviction is had shall require the surrender to it of all operator's licenses then held by the person convicted and the court shall thereupon forward the same together with a record of such conviction to the department. SDCL 32-12-44, 32-12-48 and other statutes will be mentioned later as they may affect the problem presented.

As the ordinances of Watertown and Rapid City, which prohibit the operation of motor vehicles while in an intoxicated condition, are in strict conformity with state law required in SDCL 32-12-54 and provide for penalties similar to and of the character of, but not to exceed, those prescribed by Chapter 32-23 (see SDCL 9-31-4), the offense will be referred to as the abbreviated D.W.I. offense.

On April 4, 1969 petitioner was convicted of the D.W.I. offense in violation of a Watertown City Ordinance. The

judgment of the county district court required him to surrender his driver's license to the department and the court's report recommended its suspension for 30 days. The department revoked petitioner's driver's license with a notice that he could apply for a new license after 30 days.

On May 9, 1969 petitioner was convicted of a D.W.I. offense in violation of a Rapid City Ordinance. The judgment of the municipal court required him to surrender his driving privileges for 30 days, during which time he was not allowed to drive and thereafter until his license, then impounded by the department, was returned to him. The ordinance required defendant be prohibited from driving within the city under such restrictions and in such manner as the court may determine for not exceeding one year. This conviction was reported to the department.

On this record on May 29, 1969, the commissioner of motor vehicles revoked petitioner's driver's license with the statement that an application for a new license could be made after the expiration of one year from the date of revocation, and required further the posting of financial security for the future for a period of three years. Notice of the revocation was given to petitioner. This revocation was on the basis that the Rapid City conviction was not a first conviction thereof in the preceding four years and so not within the 30-day limitation of SDCL 32-12-48.[1]

Petitioner filed a petition in the Circuit Court of the Seventh Judicial Circuit in and for Pennington County, South Dakota, wherein he alleged that on his plea of guilty to the Rapid City offense he was fined and his driving privileges were suspended for 30 days by the municipal court; that he received a copy of the order of revocation of the commissioner notifying him that his driver's license was sus-

---

1. SDCL 32-12-48. "If the cause for revocation of the license or permit of any operator was a conviction for an offense of operating a motor vehicle while under the influence of alcoholic liquor or any drug, and such conviction was the first conviction thereof in the preceding four years, such revocation shall be for a period of thirty days * * *".

pended for a period of one year by reason of said conviction; that his license was in the possession of the commissioner who was wrongfully detaining it, and prayed a trial de novo to determine whether petitioner's license was subject to revocation under state law.

The trial court considered the petition as a request for a hearing under SDCL 32-12-59 wherein the court may take testimony, examine the facts and determine forthwith whether petitioner is entitled to a license or is subject to revocation of license under the provisions of Chapter 32-12. See Application of Ewert, 81 S.D. 354, 135 N.W.2d 228.

The commissioner contended petitioner was not entitled to have his driving privileges restored because the 30-day limit in SDCL 32-12-48 did not apply; that petitioner was not entitled to have his license restored except after one year from the date the revoked license was surrendered to the department he was required to make application and comply with the terms of SDCL 32-12-44[2] in order to have his license renewed or restored. The trial court concluded this contention was incompatible with SDCL Chapter 32-23; that the legislature intended the court, not the department, apply SDCL 32-23 and a contrary holding would permit the commissioner to revoke a privilege which the courts are given discretionary power to restrict or forfeit and would deprive the court of jurisdiction and, further, that the commissioner does not have authority to apply SDCL 32-23, it being incompatible with the judgment of the Rapid City Municipal Court.

After a trial the court entered findings of fact substantially as stated above and shown by the record, conclusions of law and a judgment requiring the commissioner to restore and return to the petitioner his driving privileges upon peti-

---

2. SDCL 32-12-44. "Any person whose license or privilege to drive a motor vehicle on the public highways has been revoked shall not be entitled to have such license or privilege renewed or re-. stored unless the revocation was for a cause which has been removed, except that after the expiration of one year from the date on which revoked license was surrendered to and received by the department of motor vehicles such person may make application as provided by law * * *".

tioner's compliance solely with the financial responsibility conditions of our statutes.

■ The commissioner raises first a procedural point as he moved to dismiss the petition for the reason SDCL 32-12-59 gives the right to file it "except where such * * * revocation is mandatory under the provisions" of the chapter and as SDCL 32-12-52 requires the department "shall forthwith revoke the license", it is a mandatory revocation and so no right to file the petition accrues. SDCL 32-12-52 does mandatorily require the commissioner to revoke the license but under SDCL 32-12-48 the limit is 30 days where no prior D. W.I. conviction accrued within the preceding four years; the petition alleged only the one Rapid City conviction and the 30-day expiration. It was proper for the trial court to examine the facts and records to determine whether a revocation was proper and for the length of time it should continue, that is, whether for 30 days or one year and in this dispute[3] whether the action of the commissioner or the trial court prevailed.

The trial court's conclusion that the commissioner has no power to revoke a privilege which the courts are given discretionary power to restrict and that this power is incompatible with the judgment of the Rapid City court cannot be sustained.

■ That court exceeded its authority in its judgment ordering petitioner to "surrender your driving privileges for 30 days, during which time you shall not be allowed to drive" for several reasons. The city ordinance requires the defendant "be prohibited from operating a motor vehicle upon the public streets" but limits that to those "within the City"; SDCL 9-31-4, supra, likewise limits the power of the city to prohibit such driving "upon the public streets * * * within the municipality" only. The requirement of surrender of all "driving privileges" we therefore conclude, was in excess of the court's powers and of no legal effect so far as

---

3. In some cases there may be a question of identity of the parties as at first it may have been here. The trial court here found the defendant was the one convicted in both courts; indeed the issue appears frivolous and a diversionary tactic.

the department or commissioner is concerned. It does not appear that the ordinance or the last cited statute is in conflict with the statutes defining the powers or duties of the department.

■ Where statutes appear to be contradictory, it is the duty of the court to reconcile them and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable. North Central Investment Co. v. Vander Vorste, 81 S.D. 340, 135 N. W.2d 23; In the Matter of the Creation of Heartland Consumers Power District, 85 S.D. 205, 180 N.W.2d 398.

The situation here is similar to that in City of Aberdeen v. Forkel, 72 S.D. 536, 37 N.W.2d 407, as to make what was there written apropos here:

"It should be observed that the ordinance does not attempt to cancel the license issued upon the motor vehicle, nor does it extend the prohibition against driving beyond the corporate limits of the city. In other words, the regulation is purely local and purports to govern only within the jurisdiction of the city commission. * * *

"This ordinance does not adopt the phrasing of the statute, but the ordinance and the statute both prohibit driving a motor vehicle while intoxicated, and are not, therefore, in conflict in their purpose. The penalties provided by the ordinance and the statute are not identical, but an ordinance is not in conflict with a statute because of difference in penalties."

SDCL 32-12-54 requires courts having jurisdiction of offenses committed under municipal ordinances regulating the operation of motor vehicles shall forward a record of the conviction to the department "and may recommend the suspension of the operator's license". Under the Rapid City Ordinance the municipal court could adjudge punishment by a fine, imprisonment or both, but only prohibit driving within that city. It could also "recommend" further sanction—

suspension of the operator's license. Grounds for suspension appear in SDCL 32-12-49, 32-12-38 and perhaps elsewhere.

Revocation for a D.W.I. offense is covered by SDCL 32-12-52 as limited by SDCL 32-12-48 where, if the conviction is the first within four years, the revocation is subject to a 30-day limit but where, as here, there are two convictions within four years the revocation appears to be for one year after which a person may make application for a new license. SDCL 32-12-47.

We have not overlooked the part of SDCL 32-12-48 which limits the department to a 30-day revocation but authorizes the court to provide restrictions to be imposed on the driving privilege for "the balance of a one-year period from the date on which license was surrendered."

■ While they are not involved in this appeal, the connection between the 30-day revocation by the department and the restrictions that may be imposed by the court during the balance of the year during which the license is surrendered as well as the dual powers of the court in criminal actions under SDCL 32-23-1 through 32-23-4 and the department under SDCL 32-12 may well deserve the attention of the department or an appropriate legislative body to study and clarify. It is clear SDCL 23-32-9 through 23-32-11 requiring former convictions to be charged do not apply to a proceeding to revoke a license; they apply only to informations in criminal actions,[4] not subsequent administrative proceedings where, as here, petitioner could be and was heard on that issue.

■ Revocation of petitioner's license was mandatory and proper and the trial court erred in directing the commissioner to restore his driving privileges and return his license after the 30-day period expired, and his petition should have been denied.

The trial court further ordered, in the event of an appeal, the driving privileges be restored during the pendency

4. State v. Steffenson, 85 S.D. 136, 178 N.W.2d 561.

of the appeal. It can fashion an appropriate order directing the revocation to be reinstated allowing the time the revocation was in effect as a deduction.

The judgment appealed from is reversed.

RENTTO, HANSON, and HOMEYER, JJ., concur.

ROBERTS, P.J., not participating.