**Lloyd FRISBEE and Linda Frisbee, Plaintiffs and Respondents,**

**v.**

**Dennis DALE, Defendant and Appellant.**

**No. 12232.**

Supreme Court of South Dakota.

Dec. 22, 1978.

Steve Jorgensen of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for plaintiffs and respondents.

William G. Taylor, Jr., of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

This appeal is from a default judgment entered against appellant Dale. We reverse and remand.

This action was commenced by service of a summons and complaint upon appellant on November 4, 1976. The complaint alleged that respondents had advanced $1,750 to appellant for construction of a fireplace in their new home, that appellant had made no effort to fulfill the alleged contract, and that respondents had suffered general and

punitive damages in the amount of $11,750. Appellant did not file an answer, and on December 8, 1976, following an evidentiary hearing on damages, the trial court entered a default judgment of $5,250 plus costs against appellant.

Upon learning of the judgment, appellant retained counsel and moved to set aside the default and to allow appellant to interpose an answer. Following a hearing on the motion the court found appellant's defense meritorious and his neglect excusable. The trial court in a letter to counsel stated in part:

> The default judgment is vacated and defendant is given relief to serve and file his proposed Answer and Counterclaim upon payment to plaintiffs (through their attorney) of the sum of $150.00. After such service plaintiffs will have 20 days in which to file a Reply. Counsel for defendant will prepare an Order for my signature.

On January 26, 1977, the trial court signed an order that had been prepared by appellant's counsel and which provided in pertinent part:

> ORDERED that the Judgment against the defendant and in favor of the plaintiffs taken by default on December 8, 1976, is in all respects null, void, and set aside, and shall not be given any effect whatever, and that the proposed Answer and Counterclaim of defendant shall be allowed, including the demand for jury trial, and that defendant shall pay plaintiffs the sum of $150.00 as terms.

Appellant timely served an answer and counterclaim on January 31, 1977, but did not tender the $150 in terms until March 10, 1977.

On February 21, 1977, respondents' counsel wrote a letter to appellant's counsel and the court stating his belief that the payment of terms was a prerequisite to appellant's filing an answer and counterclaim and requesting the court to reaffirm the default judgment. The court denied this motion and on March 17, 1977, entered a nunc pro tunc order as follows:

> ORDERED that the Judgment against the defendant and in favor of the plaintiffs taken by default on December 8, 1976, is in all respects null, void and set aside, and shall not be given any effect whatever, and that the proposed Answer and Counterclaim of defendant shall be allowed, including the demand for jury trial upon payment by defendant of $150.00 as terms to plaintiff. It is further

> ORDERED, that this Order be, and hereby is effective, if the same were entered on the 26th day of January, 1977.

On April 6, 1977, the trial court signed an order granting respondents' motion to enter default judgment against appellant and on April 7, 1977, entered a judgment in the amount of $5,250 plus costs in favor of respondents. This appeal resulted.

■■■ We are limited in our review to consideration of only those orders actually entered by the trial court. As we said in *Wall v. Wall*, S.D., 260 N.W.2d 644, 648: "It is now settled in this state that the memorandum opinion is not material and is of no binding force and effect as a matter of law either upon the trial judge himself or anyone else. *Christiansen v. Strand*, 82 S.D. 416, 420, 147 N.W.2d 415, 417 (1966)." See also *Connolly v. Sherwood*, S.D., 268 N.W.2d 140.

There is no allegation that the discrepancies between the trial court's letter to counsel and the order as signed by the court resulted from any deliberate misconduct on the part of appellant's counsel. There is nothing in the record that would in any way indicate that appellant's counsel did anything other than to misinterpret the trial court's letter. We assume, without deciding, that the trial court could have conditioned the permission to file an answer and counterclaim upon appellant's first paying the terms imposed.* Had the January 26,

---

* Indeed, this Court has imposed terms as a condition to granting a defaulting party the right to serve an answer, albeit in language that did not unambiguously provide that payment was a condition precedent to the serving of the answer, the lack of specificity in the orders no

1977, order so provided, appellant would be in no position to complain had he not complied with the condition precedent to his being relieved from the default. To retroactively impose such terms, however, especially in the absence of any allegation or proof of deliberate misconduct by counsel and in light of the fact that the terms had in fact been paid prior to the hearing on respondents' motion to set aside the January 26, 1977, order and to reinstate the default judgment, seems to us to be inconsistent with our long-standing rule that cases should be tried and disposed of on their merits. See, e. g. *Kuehn v. First Nat'l Bank In Sioux Falls*, S.D., 238 N.W.2d 490; *Badger Northland, Inc. v. Van Der Boom*, S.D., 235 N.W.2d 903; *National Surety Corp. v. Shoemaker*, 86 S.D. 302, 195 N.W.2d 134; *Davis v. Interstate Motor Carriers Agency*, 85 S.D. 101, 178 N.W.2d 204; *Griswold Linseed Oil Co. v. Lee*, 1 S.D. 531, 47 N.W. 955.

As we recently held in *Unzicker v. Unzicker*, S.D., 270 N.W.2d 41, the authority of a court to correct errors in its orders and judgments is not untrammeled. To impose the sanction of reinstatement of a default judgment through the mechanism of a nunc pro tunc order in the circumstances of this case seems to us to be unwarranted. The purpose of imposing terms upon a tardy defendant is to relieve the plaintiff of prejudice attributable to defendant's delay in answering. *Bigelow v. Walraven*, 392 Mich. 566, 221 N.W.2d 328. We may assume that the trial court could properly have imposed whatever additional terms would have been commensurate with the additional expense incurred by respondents as a result of appellant's negligence in misapprehending the import of the trial court's letter, but the reinstatement of the default constituted more than the imposition of additional terms. It was in the nature of a sanction for noncompliance with the order the trial court intended to enter, a permissible sanction, perhaps, if self-im-

posed by the failure of a party to comply with a correctly worded order, but not one to be imposed in the case of mere inadvertence on the part of counsel in preparing the order.

The judgment is reversed and the case is remanded to the circuit court with directions to reinstate appellant's answer and counterclaim.

All the Justices concur.

---

doubt resulting from the assumption that counsel for the prevailing party would exercise diligence in making payment, an assumption that apparently would not have been warranted in the present case. *Arbach v. Gruba*, 86 S.D. 591, 199 N.W.2d 697; *Davis v. Interstate Motor Carriers Agency*, 85 S.D. 101, 178 N.W.2d 204.