**Robert G. VALANDRA and Wayne C. Miller, Petitioners and Appellants,**

v.

**STATE of South Dakota, DEPARTMENT OF COMMERCE AND REGULATION, Respondent and Appellee.**

**No. 15906.**

Supreme Court of South Dakota.

Submitted on Briefs April 25, 1988.

Decided June 22, 1988.

Catherine G. Ortner of Ortner and Ortner, Hot Springs, for petitioners and appellants.

Richard D. Coit, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., on brief, Pierre, for respondent and appellee.

MILLER, Justice.

In this decision we hold that under SDCL 32–23–11.1, in order to avoid revocation of driving privileges for refusal of a chemical test after an arrest for driving while under the influence of alcohol or drugs (DUI), not only must the driver plead guilty to the

offense, but the court must accept such plea.

## FACTS

Robert G. Valandra (referred to as Valandra or appellant) and Wayne C. Miller (referred to as Miller or appellant) were each arrested and charged with DUI on different dates in 1986. Subsequent to their arrest, appellants were each read the standard implied consent advisory and both refused to submit to the requested blood test.

The South Dakota Department of Commerce and Regulation (Department) sent both appellants a notice of intent to revoke driver's license for their refusal to submit to chemical testing, in violation of this State's implied consent law (SDCL 32–23–10). The notices informed appellants that their licenses would not be subject to revocation under SDCL 32–23–11 if they pleaded guilty to a violation of SDCL 32–23–1 prior to any revocation order being issued.

Valandra subsequently tendered a guilty plea to the DUI charge in magistrate court via affidavit and written waiver of rights. The affidavit indicated that Valandra was reluctant to plead guilty and was doing so only to avoid the revocation of his driver's license. He expressed the desire for a jury trial and stated that he believed his trial would result in a not guilty verdict. Also, Valandra crossed out the following statement on the written waiver: "I am entering this plea voluntarily and of my own free will." The magistrate judge properly concluded that Valandra's guilty plea was not voluntary and refused to accept it.[1]

Miller later appeared before a magistrate and tendered a guilty plea to the DUI charge. When asked by the magistrate whether he had been driving a motor vehicle while under the influence of alcohol, Miller responded, "No, sir." Therefore, the guilty plea was properly refused due to an insufficient factual basis and a not guilty plea was entered by the magistrate.

---

1. The court is obligated to reject a guilty plea, under SDCL 23A–7–5 or 23A–7–14, when defendant refuses to admit facts establishing the elements of the offense or makes statements which indicate the involuntariness of his guilty plea.

(Miller's jury trial never took place as State decided to dismiss the action based on insufficient evidence.)

Subsequently, appellants' driving privileges were revoked for one year by Department. Through counsel, they requested a circuit court review of the driver's license revocation. The cases were consolidated and submitted to the circuit court on stipulated facts. The trial court ruled that (1) since the guilty pleas were not accepted by the magistrate, they were not valid guilty pleas contemplated under SDCL 32–23–11.-1; (2) such a plea must be equivalent to a conviction in order to comply with the statute's clear legislative intent; and (3) no error was committed in revoking appellants' driving privileges. Both parties have appealed, and those appeals have been consolidated herein.

## ISSUE I

WHETHER THE CIRCUIT COURT ERRED IN CONSTRUING SDCL 32–23–11.1.

Appellants argue that the language of SDCL 32–23–11.1 is unambiguous. They argue that the words "pleads guilty" contained within the statute mean that they were merely required to tender a guilty plea to avoid revocation under SDCL 32–23–11. Thus, appellants conclude that whether the plea was accepted by the magistrate court is irrelevant and immaterial. We disagree.

SDCL 32–23–11.1 provides: "A person's license to drive is not subject to revocation as provided in § 32–23–11 if he *pleads guilty* to violating § 32–23–1 prior to the departmental hearing, or, if a hearing is not requested, prior to a revocation order being issued." (Emphasis added.)

SDCL 2–14–12 provides that our code's "provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice." Also, "[a] statute must be construed according to its manifest intent [and] [s]uch

intent must be derived from the statute as a whole, as well as other enactments relating to the same subject." *Simpson v. Tobin,* 367 N.W.2d 757, 763 (S.D.1985). In *In re Fischer,* 395 N.W.2d 598 (S.D.1986), we stated that " '[a]mbiguity is a condition of construction, and may exist where the literal meaning of a statute leads to an absurd or unreasonable conclusion.' " *Fischer* at 600 *quoting Matter of Sales Tax Refund Applications,* 298 N.W.2d 799, 803 (S.D. 1980). Furthermore, "[s]tatutes should be given a sensible, practical and workable construction, and to such end, the manifest intent of [the] legislature will prevail over literal meaning of words." *Fischer,* at 600.

In *State v. Bunnell,* 324 N.W.2d 418, 420 (S.D.1982), we stated that the intent and purpose of SDCL 32–23–11.1 was "to encourage drivers to plead guilty and accept the consequences of their driving and drinking while preserving their right to refuse to submit to a chemical test." The obvious intention behind the implied consent law is to achieve the objective of " 'a fair, efficient, and accurate system of [the] detection and prevention of drunken driving.' " *Peterson v. State,* 261 N.W.2d 405, 408 (S.D.1977) (citations omitted). In sum, one goal of the statute is to promote public safety. *Peterson, supra citing Beare v. Smith,* 82 S.D. 20, 25, 140 N.W.2d 603, 606 (1966).[2]

To adopt appellants' argument that the mere act of "pleading guilty" meets the requirements of SDCL 32–23–11.1 would not only violate the intent of the implied consent statutes, but also produce an absurd result. We agree with State that, should appellants' interpretation be adopted, those drivers who are appropriately asked to submit to chemical analysis of their blood, breath or urine would be provided a sure method of avoiding the consequences of a refusal.

Appellants seem to further argue that the statute (SDCL 32–23–11.1) must afford one innocent of DUI the same benefits as

---

2. In addition, we note that the grant of a license to drive is a privilege. *State v. Myers,* 411 N.W. 2d 402 (S.D.1987); *Beare v. Smith,* 82 S.D. 20, 25, 140 N.W.2d 603, 606 (1966). Each driver has agreed in advance (i.e., when applying for license) to the submission to a test in exchange for the driving privilege.

one who is guilty and since this statute does not, there is a violation of what they call "equal treatment." They specifically disclaim any constitutional "equal protection" infirmities. First, no authority is cited to support this proposition and thus the issue could be deemed waived. *State v. Jones*, 416 N.W.2d 875 (S.D.1987); *State v. Banks*, 387 N.W.2d 19 (S.D.1986). Secondly, we find no merit in their position.

### ISSUE II

WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY INDICATING THAT THE SCOPE OF REVIEW SET FORTH UNDER SDCL 1–26–36 WOULD BE APPLIED.

Appellants argue that the circuit court limited its review to that under SDCL Ch. 1–26, in spite of the fact that they had requested a de novo review of the revocation decisions under SDCL 32–12–59.[3]

Under SDCL 32–12–59, the court is required to make its own independent determination, based on the facts presented, as to whether the license is subject to revocation. *Hanlon v. Commissioner of Motor Vehicles*, 80 S.D. 316, 123 N.W.2d 136 (1963).

Although appellants brought this appeal under SDCL 32–12–59, it is not clear which procedural basis the trial court utilized in reaching its decision. The court's memorandum decision referred to SDCL Ch. 1–26. However, we have made it clear that memorandum decisions are not binding and are not what this court generally reviews.

*Frisbee v. Dale*, 272 N.W.2d 806 (S.D.1978); *Wall v. Wall*, 260 N.W.2d 644 (S.D.1977); *Christiansen v. Strand*, 82 S.D. 416, 147 N.W.2d 415 (1966); *Jones v. Jones*, 334 N.W.2d 492 (S.D.1983).

Although the trial court apparently erred in not entertaining appellants' requested de novo appeals under SDCL 32–12–59, we conclude that it was not reversible error. *Dept. of Public Safety v. Weinrich*, 263 N.W.2d 690 (S.D.1978). Here, the trial court was dealing strictly with an issue of law, i.e., did the guilty pleas have to be accepted by the magistrate. The facts surrounding the guilty pleas were not in dispute. Even accepting appellants' version of other facts (i.e., that they were innocent of DUI), the trial court's decision on the real issue would not have changed. Refusal of the requested chemical test, rather than the ultimate result from the criminal action, activates the revocation statutes. *In re Malone*, 387 N.W.2d 547, 550 (S.D.1986).

We have considered the other claims of appellants and find them without merit.

Affirmed.

All the Justices concur.

---

3. SDCL 32–12–59 provides, in part, that "[t]he court shall take testimony, examine the facts of the case and determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this chapter."