TRIPP COUNTY, Plaintiff
and Appellant,

v.

DEPARTMENT OF TRANSPORTATION, STATE of SOUTH DAKOTA, Defendant and Appellee.

No. 15997.

Supreme Court of South Dakota.

Argued May 25, 1988.
Decided Sept. 21, 1988.

Donald E. Covey, and Kathleen F. Trandahl of Covey Law Office, Winner, for plaintiff and appellant.

Carl W. Quist, Asst. Atty. Gen., Pierre, for State of S.D. Dept. of Transp.

MILLER, Justice.

The issue in this appeal is whether a county continues to have the duty to repair and maintain a highway after it has been legislatively removed from the county highway system and placed on the state trunk highway system. We hold that it does not.

## FACTS

In 1986, the South Dakota Legislature amended SDCL 31-4-169 by adding a section of highway in Tripp County, South Dakota (County) to the state trunk highway system (see 1986 S.D.Sess.L. ch. 236, § 1). This section of highway was originally constructed in 1949 with federal aid secondary funds and prior to the 1986 amendment had been maintained by County, pursuant to SDCL ch. 31-6.

After passage of the 1986 amendment, County advised the South Dakota Department of Transportation (DOT) that the highway was in immediate need of repair and that County would no longer be responsible for its maintenance and care. DOT, by letter from its counsel, advised County that it disclaimed any responsibility for the maintenance and repair of the highway because:

The Department of Transportation only constructs and maintains that part of the state trunk highway system it has funds available to handle. The Transportation Commission has the legal discretion to determine this. (This is similar to all the county and township section line highways that county commissioners and township supervisors determine not to construct or maintain.)

That part of the state trunk system added in Tripp County in the 1986 Session has not been put on the Department of Transportation construction or maintenance program for expenditure of federal and state highway funds as of this date.

County then commenced this declaratory judgment action seeking an adjudication that the responsibility for the maintenance and repair of the highway transferred from County to DOT by virtue of the 1986 legislation. Both parties moved for summary judgment. The circuit court granted summary judgment for DOT. In its memorandum decision,[1] the trial court generally stated that the legislative enactments in SDCL Title 31, when read as a whole, do not require DOT to maintain and repair the added segment of highway until DOT constructs or improves it pursuant to SDCL 31-5-1 or exercises its discretion to do so under the option afforded by SDCL 31-5-2. We disagree and therefore reverse.

## DECISION

County argues that transfer of the highway to the state trunk highway system also transferred responsibility for its maintenance and repair to DOT, citing *Robinson v. Minnehaha County*, 65 S.D. 628, 277 N.W. 324 (1938), which held that 1923 S.D.Sess.L. ch. 285 (the original legislative enactment of current SDCL 31-5-1, -2) relieved the counties of the duty to maintain and repair highways in the state trunk

1. Memorandum decisions are not binding and are not what we generally review. *Valandra v. S.D. Dept. of Commerce & Regulation*, 425 N.W.2d 400 (S.D.1988); *Jones v. Jones*, 334 N.W.2d 492 (S.D.1983); *Frisbee v. Dale*, 272 N.W.2d 806 (S.D.1978); *Wall v. Wall*, 260 N.W.2d 644 (S.D.1977); *Christiansen v. Strand*, 82 S.D. 416, 147 N.W.2d 415 (1966). However, in cases such as this, where we have no findings to review, an examination of the memorandum decision enables us to understand the rationale of the trial court.

highway system. *See also Cain v. Meade County,* 54 S.D. 540, 223 N.W. 734 (1929). Moreover, County argues that it is prohibited from expending county road and bridge funds on the highway once it was placed on the state trunk system, pursuant to SDCL 31–5–14 and 31–11–30.

DOT argues that the trial court's interpretation of SDCL 31–5–1 and –2 is correct. Additionally, DOT argues that because this highway was built with federal aid secondary funds (under the legislative predecessor to SDCL ch. 31–6) and considering this court's prior holding in *Bogue v. Clay County,* 75 S.D. 140, 60 N.W.2d 218 (1953), County remains responsible for maintenance and repair of the highway despite its transfer to the state trunk highway system. In *Bogue,* we held that a county road built with federal aid is no less a county road for being built with such federal funds. However, *Bogue* does not address the situation arising in this case where the county road, although built with federal aid, has been transferred to the state trunk highway system. Irrespective of that, DOT argues that SDCL ch. 31–6 provides County with the responsibility to maintain and repair the highway, supporting that argument further with SDCL 31–12–19.

There is no statute which specifically states that DOT automatically assumes responsibility for maintenance and repair of a highway when it is added to the state trunk highway system. This court's decision, therefore, primarily must be premised upon an interpretation of the collective legislative enactments contained in SDCL Title 31, "Highways and Bridges."

SDCL 31–5–1 provides:

> The department of transportation *shall maintain,* and keep in repair all highways or portions of highways, including the bridges and culverts thereon, *which highways have been constructed or improved by the department* and are on the state trunk highway system. (Emphasis added.)[2]

Under this provision, DOT's duty to maintain and repair a highway on the state trunk highway system clearly does not arise unless the highway was constructed or improved by DOT. DOT, therefore, takes the position that it merely has an option to maintain and repair this highway under SDCL 31–5–2.

SDCL 31–5–2, in giving DOT an option to maintain and repair a highway on the state trunk highway system in two instances, states:

> The department of transportation *may at its option,* maintain and keep in repair such other portions of the state trunk highway system [1] which have not been constructed or improved by the department of transportation, *or* [2] the construction or improvement of which *has not* been paid for in whole or in part by state or federal aid. (Emphasis added.)

This section, however, does not afford DOT an *option* here because (1) the highway was not constructed or improved by DOT *and* (2) its construction was paid by federal aid.

Because neither SDCL 31–5–1 nor 31–5–2 apply here, we are left with a statutory hiatus. Therefore, in determining legislative intent, it is necessary for us to consider and analyze the salient statutory provisions of SDCL Title 31. We recognize that all of the statutory provisions must be read together in such a manner as are harmonious and workable. *Meyerink v. Northwestern Public Service Co.,* 391 N.W.2d 180 (S.D.1986); *see also Karlen v. Janklow,* 339 N.W.2d 322 (S.D.1983); *Hartpence v. Youth Forestry Camp,* 325 N.W.2d 292 (S.D.1982); *Kinzler v. Nacey,* 296 N.W.2d 725 (S.D.1980); *Hot Springs Ind. School Dist. v. Fall River Landowners Ass'n,* 262 N.W.2d 33 (S.D.1978); *In re Collins,* 85 S.D. 375, 182 N.W.2d 335 (1970).

In addition to those previously cited, we point to the following statutes:

Under SDCL 31–1–5 it is stated:

> For the purpose of *clarifying the duties and powers* of the various governmental state agencies charged with

---

**2.** The underscored portion of the above statute has been in place since the legislative predecessor of SDCL 31–5–1 was enacted in 1923 S.D. Sess.L. ch. 285.

the administration of the highways in South Dakota, the following *definitions* of highway systems *shall* be applicable:

(1) 'State trunk system,' the highways designated by statute to be *controlled and supervised* by the department of transportation;

(2) 'County highway system,' the highways designated by the board of county commissioners.... (Emphasis added.)

SDCL 31–4–1 perpetuates the state trunk highway system and, more importantly, SDCL 31–4–2 states:

All rights-of-way of the state trunk highway system, together with all appurtenance thereto, *the right or interest in or to which was or is in any county shall be and the same are hereby transferred to and vested in the state* of South Dakota for highway purposes. (Emphasis added.)

Further, under SDCL 31–4–14:

All marking, surveying, *construction, repairing,* and *maintenance of the state trunk highway system shall be* under the *control* and supervision of the department of transportation, and the *department shall be charged* with the administration of the laws relative thereto. (Emphasis added.)

Additionally, under SDCL 31–12–5: "The construction, improvement, maintenance, and repair of the *county highway system, except as provided for state trunk highways* shall be under the supervision of the county superintendent of highways...." (Emphasis added.)

We do not overlook or discount the provisions of SDCL ch. 31–6 dealing specifically with secondary roads paid for by federal aid secondary funds. SDCL 31–6–2 authorizes DOT to cooperate with the county commissioners in the selection of secondary roads and generally provides a system under which DOT acts as an agent between the counties and the federal government. Under SDCL 31–6–5 the jurisdiction and control of the highways so constructed remains with the county subject to the authority of DOT to supervise, control, and oversee construction of the project.

SDCL 31–6–7 provides:

Nothing in this chapter contained shall be construed to bind the state of South Dakota, or the department of transportation to pay the cost of maintenance of said projects when completed; it being the intention of this statute to place the maintenance cost of said projects upon the political subdivision under whose jurisdiction the highway is at the time said maintenance work is required.

Further, under SDCL 31–12–19:

It shall be the duty of the board of county commissioners to maintain properly and adequately the county highway system within the county ... and to maintain any secondary highways according to any agreement made by it in consideration of federal aid received for construction and improvement of such highways.

DOT argues that the combined provisions of SDCL 31–6–7 and 31–12–19 serve as support for the proposition that the legislature intended the county to continue to be responsible to maintain the highways. We disagree.

First, SDCL 31–6–7, by its specific language, is limited to provisions "in this chapter" (i.e., secondary roads) and does not refer to any other legislation. Secondly, although it is not clear what type of specific agreement County entered into for the receipt of federal aid, triggering SDCL 31–12–19, the language of that section is not binding here because the State can and has in this case, by specific legislative act, taken the highway into its system, thereby eliminating the requirement that County pay for the maintenance.

Like our predecessors in the *Robinson, supra,* case, we continue to be persuaded that the legislature, by placing the road on the state trunk highway system, intended to relieve County of all duty to maintain and repair such road. To hold otherwise would make the 1986 legislation an idle act and would ignore the clear language of SDCL 31–1–5, 31–4–2, 31–4–14 and 31–12–5. What else could the legislature have

intended by placing this section of highway on the state trunk system if it did not intend to have the state, rather than the county, maintain it? To accept DOT's argument that County continues to be responsible to maintain the highway until DOT places it on its own maintenance schedule would, in essence, give DOT power to veto or supersede legislative acts, rendering them a nullity.[3] That would be absurd.

We point out that this decision does not require DOT to maintain this specific section of highway. Rather, it clarifies whose responsibility, in reality, it is.

REVERSED.

WUEST, C.J., and MORGAN and HENDERSON, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

I find the majority opinion wholly unpersuasive. The legislative act placing this highway on the state trunk system does not automatically transfer the obligation of maintenance and repair from the county to the Department of Transportation (DOT). Tripp County has the responsibility over the Tripp County highway system and this "secondary highway" until the DOT, in its discretion, assumes the obligation for maintenance.

A plain reading of SDCL 31–5–2 grants the DOT an option to maintain portions of state trunk highways (1) if they have not been constructed or improved by the DOT, *or* (2) if the construction and improvement has not been paid for in whole or in part by state or federal aid. The legislature clearly intended to make the conditions disjunctive by placing the word "or" between the conditions. Thus, the existence of either condition is sufficient to grant the DOT an option to repair the highway. Since the DOT did not construct or improve the section of highway in question, the DOT has an option to repair and maintain the highway.

After conceding that the DOT has an option in "two instances," the majority incorrectly construes SDCL 31–5–2 to require both conditions to arise before the DOT has such an option. Since the section of highway in question was constructed with federal money, the majority holds that both conditions for DOT's option are not present. To reach this result the majority rewrites SDCL 31–5–2 and changes the legislative intention. By replacing the legislature's disjunctive word "or" with the word "and," the majority changes the meaning of the entire statute. Oddly, the majority even emphasizes this distortion of the statute. They state, "[t]his section [SDCL 31–5–2], however, does not afford DOT an *option* here because (1) the highway was not constructed or improved by DOT *and* (2) its construction was paid by federal aid." Their mistake is obvious—the absence of a second option does *not* impose an affirmative duty on the DOT.

Obviously, the legislature enacted chapter 236, session law of 1986 (now SDCL 31–4–169) with full knowledge of the existence of SDCL 31–5–1, and SDCL 31–5–2. Armed with such knowledge, the legislature only could have intended that the new legislation enable the DOT, in its discretion, to assume the obligation for maintenance at its option under SDCL 31–5–2.

After concluding that neither SDCL 31–5–1 nor SDCL 31–5–2 is applicable in this case, the majority then proceeds to cite other statutes which they contend support the DOT's duty to maintain this highway. These statutes speak generally of the DOT's control and supervision of the state trunk system highways, but fail to state that the DOT has a duty to maintain and repair these highways. As discussed in more detail later, when these statutes are properly read in conjunction with SDCL 31–5–1 and SDCL 31–5–2 it is clear that the legislature did not intend to place a mandatory burden on the DOT to maintain all the state trunk system highways.

In fact these statutes address the majority's concern of "What else could the legis-

---

**3.** If this decision does some type of violence to the DOT program of maintenance, it must ad-

dress those concerns to the legislature rather than to this court.

lature have intended by placing this section of highway on the state trunk system if it did not intend to have the state, rather than the county, maintain it?" Simple, the legislature sought uniform supervision of this section of the highway. Uniform supervision by the DOT does not nullify the DOT's option to maintain and repair the highway. Rather, uniform supervision means the DOT will ensure that the county properly maintains that section of highway unless or until the DOT assumes that obligation.

The majority opinion flies in the face of both the law and facts as they exist in this case and throughout the state of South Dakota. As stated in the trial court memorandum opinion:

> Both parties agree the segment of Tripp County highway in question was constructed with "federal aid secondary funds" in 1949. According to the affidavit of Wallace L. Larsen, Deputy Secretary of the DOT, the roadway was constructed from such funds expended pursuant to SDCL 31–6. Under that chapter, highways constructed with federal secondary aid remain the responsibility of the county for repair and maintenance. SDCL 31–6–7. The County apparently recognized this responsibility as on October 19, 1948, it adopted a resolution acknowledging the necessity to enter into an agreement to maintain said highway and authorized the Board of County Commissioners to execute the necessary agreements.

> Although Chapter 236 of the 1986 Session Laws placed this section of highway

on the state trunk highway system, Wallace Larsen indicated that in his 26 years of being associated with the DOT he has not seen a highway placed on the state highway trunk system become the responsibility of the DOT until the DOT set up a program to construct or maintain the highway. Although roads are frequently placed on the state trunk highway system, several thousand miles of such roadways have not been accepted for maintenance by the DOT.*

Tripp County claims that *Robinson v. Minnehaha County*, 65 S.D. 628, 277 N.W. 324 (1938) unconditionally relieved counties of all duty to repair and maintain the state trunk system. That contention and the majority's reliance upon *Robinson* is misplaced for several reasons:

(1) The *Robinson* case involved an action for negligence against the county, not the state, and the state was not even a party to the lawsuit. Therefore, the court assumed that the county was relieved of the duty to maintain that specific portion of the state trunk system. The State was not present to even contest otherwise. The *Robinson* holding is simply that *Robinson* could not recover against the county.

(2) It is not even clear whether the basis for relieving the county from liability was the mandatory or optional statutory provision. If it was done under the optional statutory provision, it was because the court assumed or found that the State *had* exercised its option to main-

---

* It is interesting to note that during the 1940s and 1950s, three separate attorney general's opinions conclude that the state has an option to repair and maintain portions of the state trunk system. The earliest opinion, which involved the question of who had the duty to maintain some seventy-six miles of county highway added to the state trunk system by the legislature, states:

> I conclude that until the State Highway Commission "at its option" undertakes to maintain and keep in repair the highway described ..., or until such highway is constructed or improved by the commission and paid for in whole or in part by state or federal aid that it will remain the duty of the agency or agencies which maintained such highway or portions thereof before the effective date

..., to continue to maintain such highway or portions thereof the same as though still exclusively a part of a county highway system or secondary roads. This has been the administrative practice since the enactment of chapter 258, laws of 1923, and I am informed that there are still five or six hundred miles of the state trunk highway system as originally designated and adopted which are still maintained by townships as secondary roads or by boards of county commissioners as secondary roads or by counties as parts of the county highway systems.

1945–1946 Biennial Rep.S.D. Att'y Gen. 233. *See also* 1949–1950 Biennial Rep.S.D. Att'y Gen. 110; 1953–1954 Biennial Rep.S.D. Att'y Gen. 218.

tain. In this case, the state *has not* exercised its option to maintain.

(3) The *Robinson* holding is clearly limited by the terms of the statute. The state's assumption of responsibility (and therefore the county's relief from responsibility) was conditioned upon the mandatory provisions being present (and they are not) or upon the state exercising its option (and it has not).

SDCL 31-6-6 and 31-6-7 clearly relieve the State of liability for any part of a secondary highway, and the chapter is to be construed to require that the county pay all costs and maintenance of the project when completed. Therefore, since this highway was built under the more specific provisions of SDCL chapter 31-6, the highway continues to be a county responsibility with respect to repair and maintenance until the DOT exercises its option under SDCL 31-5-2, or both conditions precedent are satisfied under SDCL 31-5-1 for DOT's mandatory obligation. Here, it is evident that this highway was not constructed or improved by the DOT. Thus, the DOT has no mandatory obligation under SDCL 31-5-1 to maintain the highway even though the legislature has added it to the state trunk highway system.

Interpreting SDCL 31-5-1 and 31-5-2 to require the State to repair and maintain a highway just because it has been designated by the legislature as part of the state trunk system ignores the plain meaning of SDCL 31-5-1, SDCL chapter 31-6, and SDCL 31-12-19. SDCL chapter 31-6, SDCL 31-12-19, SDCL 31-5-1, and 31-5-2 must be read together to give a reasonable construction to all, and to give effect to all said provisions construing them together. The result is that the DOT is not responsible for the maintenance and repair of this highway even though the legislature has placed it on the state trunk highway system. Until such time as the DOT constructs or improves this segment of road under SDCL 31-5-1; or in its discretion undertakes responsibility for maintenance and repair under SDCL 31-5-2, the maintenance and repair of the road shall remain the responsibility of Tripp County. The enactment of chapter 236 of the 1986 session laws was not sufficient to transfer responsibility for maintenance of the highway to the State.

If the statutes meant what the majority claims there would be absolutely no reason whatsoever for SDCL 31-5-2 to exist. If the DOT is required to maintain all highways placed on the state trunk highway system, why would it be necessary for the legislature to provide the DOT an option to maintain other portions of the state trunk highway system which have not been constructed or improved by the DOT?

The majority opinion concludes with:

> To hold otherwise would make the 1986 legislation an idle act.... What else could the legislature have intended by placing this section of highway on the state trunk system if it did not intend to have the state, rather than the county, maintain it? To accept DOT's argument that the county continues to be responsible to maintain the highway until DOT places it on its own maintenance schedule would, in essence, give DOT power to veto or supersede legislative acts, rendering them a nullity. That would be absurd. (footnote omitted).

I submit that the absurdity is contained within the majority opinion. How can it be claimed that the DOT is superseding a legislative act? The DOT is simply availing itself of a statutory option granted it years ago by legislative act.

Finally, somewhat apologetically, the majority opinion states:

> We point out that this decision does not require DOT to maintain this specific section of highway. Rather, it clarifies whose responsibility, in reality, it is.

What kind of double-speak is this? Does not responsibility mean the duty to maintain? Will this majority opinion protect the DOT from failure to maintain this specific section of highway? It appears to be a slim reed to lean on. Will the majority opinion be around to protect the DOT in respect to the other "several thousand miles of such roadways [which] have not been accepted for maintenance by the DOT." Not only the legislature, but the

courts, should speak more clearly when such monumental decisions, millions of dollars, and maybe lives are at stake.